611 So.2d 803 (1992)
Shawn Renee COUTEE, Plaintiff-Appellee,
v.
John B. WILLIAMS, et al., Defendant-Appellant.
No. 91-1092.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1992.
Van H. Kyzar, Natchitoches, for plaintiff/appellee.
Andrew S. Vallien, Natchitoches, for defendant/appellant.
Before STOKER and YELVERTON, JJ., and PATIN[*], J. Pro Tem.
JOHN A. PATIN, Judge Pro Tem.
Shawn Renee Coutee brought this suit in redhibition against John B. Williams, doing business as A & W Auto, Inc., to rescind her purchase of a 1980 Datsun pickup truck. Trial was held in Natchitoches City Court and judgment was rendered in favor of Coutee. From this judgment defendant appealed devolutively, asserting the following assignments of error: (1) the trial court erred in rescinding the sale of the vehicle and ordering the return of the purchase price; and (2) the trial court erred in awarding attorney's fees.
On April 4, 1990 Coutee entered into an installment contract with Williams for the purchase of a 1980 Datsun pickup truck. She made a down payment of $800.00. The installment contract required her to pay the balance of the purchase price, $1,095.00, plus interest of $439.45, in twelve monthly installments totalling $1,543.45.
Coutee claims that the day following the purchase she noticed oil spots on the cement where the truck had been parked. She returned the truck to Williams a short time later. Williams replaced the truck's engine and notified Coutee to pick it up, but she never did so.
On August 9, 1990 she filed this action claiming redhibitory defects in the truck; that defendant sold the truck in violation of the Motor Vehicle Sales Finance Act; and *804 that they were in violation of the Unfair Trade Practices and Consumer Protection Laws.
Our review of this case has been made difficult by the absence of a transcript of the proceedings. Without it we have very little in the way of evidence in the record and must rely primarily on the trial judge's findings of fact.
The trial judge listed his findings of fact as follows:
1. The plaintiff Shawn Coutee and her boyfriend, Mr. Brown went to the defendant and purchased this vehicle. The truck was put in Shawn Coutee's name.
2. The defendant (d/b/a A & W Body Shop) is a sales finance company as it is defined by Louisiana Law. Williams is not licensed to finance vehicles, and the interest rate that he charged was a great deal more than is allowed by law.
3. The vehicle had a problem almost immediately upon the purchase. It was brought back to the defendant.
4. The defendant acknowledged the defective nature of the automobile and replaced the engine.
5. By the time the defendant completed the engine replacement, Ms. Coutee and Mr. Brown were having a disagreement about why the car was titled in her name and not his. Ultimately because of this argument, they never picked up the vehicle.
The trial judge proceeded to rescind the sale and order the defendant to return the purchase price. He also awarded Coutee $1,500.00 in attorney's fees.
In order to prevail in an action in redhibition under La.C.C. art. 2520, the thing purchased must have a vice or defect that renders the thing absolutely useless or so inconvenient or imperfect that had the buyer known of the existence of the defect he/she would not have purchased it.
In this case the trial judge found the defect to exist as evidenced by the repairs performed by defendant, although exactly what was wrong with the original engine cannot be discerned from the record. Based on the finding that the engine was defective at the time of the sale, we must look next to whether or not the seller was in good faith.
La.C.C. art. 2531 states that where a vice or defect exists but the seller was not aware of it at the time of the sale, he is bound to repair the defect, and if repair is impossible then he must restore the purchase price to the buyer. The trial judge did not find that Williams knew of the defect at the time of the sale and nothing in the record indicates that we should make such a finding.
The statute allows the seller in good faith the opportunity to repair the defective thing before the buyer can tender it for rescission. It is the persistence of the defect after attempted repair that gives rise to the right of rescission. Here we have a situation where Williams made repairs but Coutee never attempted to test their effectiveness. Furthermore, there is no evidence a tender for rescission was ever made by Coutee, and as a result a requirement for redhibition was not met. This defeats the plaintiff's claim.
Plaintiff, in brief, claims that rescission is available, even absent a finding of redhibition, by virtue of the Louisiana Unfair Trade Practices and Consumer Protection Law. La.R.S. 51:1405 et seq. While a violation of this statute does give rise to the rescission of a sales contract, we cannot say it applies to the present case. Plaintiff properly pled the application of this law but the judge did not find that it applied. The record, because of the sparse evidence, does not support a finding by this court that the Unfair Trade Practices and Consumer Protection Law is applicable and, thus, rescission is unavailable by this avenue.
Finding no valid basis for rescission, the order rescinding the contract between the parties is in error. Accordingly, we reverse the judgment rescinding the sale and ordering defendant to return the purchase price of the truck.
Our review of this case brings to light certain relief to which plaintiff is entitled. The trial judge found that defendant is a "sales finance company" operating *805 without a license. As defined by the Motor Vehicle Sales Finance Act, and more particularly La.R.S. 6:951(9)(a), a "sales finance company" is a person engaged at least partly in the business of lending money on promissory notes secured by liens where the proceeds are used to purchase and/or vest title to an automobile in the buyer. The record supports this finding.
La.R.S. 6:952(B) states that no person shall engage in the business of a sales finance company without a license. The trial judge found defendant to be operating without a license and there is no evidence contrary to this finding.
The trial judge also found that the defendant was charging excessive interest on the purchase price in the installment contract. La.R.S. 6:957 provides that on an installment contract, made after September 10, 1982 on a vehicle of a model year more than four years prior to the year in which the contract is made, maximum simple interest finance charge on the declining account is 2.75% per month. The finance charge in the installment contract in the present case was $439.45; almost 40% of the principal. This far exceeds the maximum allowed by law.
Defendant has clearly violated two provisions of the Vehicle Sales Finance Act. La.R.S. 6:960 provides penalties for specific violations of the Act. Under the statute, defendant is barred from recovery of any finance charge, delinquency charge or collection charge on the contract. Furthermore, for operating without a license, the statute provides that the defendant "shall pay the buyer ... a sum equal to two times the total interest, finance charge, documentary and any other charges originally computed and added to the principal amount financed, plus reasonable attorney's fees to be determined ... in the event of a suit, by the district judge before whom the case is tried ..."
The trial judge, after making a finding that the applicable laws were violated failed to enforce the mandatory penalty. As a result, this court under authority of La.Code Civ.P. art. 2164 must render judgment which is just, legal and proper upon the record.
The total interest charged on the loan was $439.00. There were no additional charges above the principal amount. We therefore render judgment in favor of plaintiff and against defendant for penalties in the amount of $878.00, representing two times the interest charged.
Furthermore, we will allow the award by the trial judge of $1,500.00 in attorney's fees to stand. This award was made in addition to the rescission of the contract and plaintiff is entitled to it under the aforementioned statute. We recognize the trial court's discretion in making such an award.
As to the contract itself, absent redhibition, and without authority mandated by the Motor Vehicle Sales Finance Act, rescission is not available. Consequently, the contract of sale between the parties still exists.
Accordingly, the judgment of the trial court is reversed as it regards rescinding the contract and returning the purchase price. The defendant is assessed penalties in the amount of $878.00 for violations of the Motor Vehicle Sales Finance Act, and the assessment by the trial judge of $1,500.00 in attorney's fees is affirmed. The parties are to share the costs of appeal.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.
NOTES
[*] Judge John A. Patin, retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.