SAUNDERS, Judge.
This case arises from a sale of newsprint by Casablanca Convertors, Inc. (Casablanca) to John M. Hays, d/b/a Morning Paper, Inc.
Casablanca is a business that buys paper which has been rejected by paper mills, then splices, cuts and rolls the paper to its customers’ specifications.
Hays owns and operates the “Morning Paper” in Ruston, Louisiana. In 1988, Hays began buying newsprint from Casablanca. In May or June of 1991, Hays received from Casablanca four rolls of paper which were too narrow for his purposes. According to Hays, he informed Casablanca of the problem but the paper was never picked up. Hays gave away one roll but the other three remain at his place of business.
In May 1991, Hays began to have problems with the newsprint coming apart at the splices. In August 1991, he began to have problems with tension control which caused the paper to ‘Swap” in the presses.
In September and October 1991, Casablanca shipped two loads of paper to Hays under Invoice numbers 3474 and 3533 in the amounts of $11,574.20 and $10,349.89 respectively. Hays continued to have problems with the paper tension. In November 1991, Hays sent Casablanca an angry letter complaining about the quality of the paper. He failed to pay the two invoices and apparently bought no further paper from Casablanca. On February 20, 1992, Hays received a demand letter for the two invoices he had not paid, and this suit on open account was filed on March 25,1992. Hays answered and filed a reconventional demand alleging redhibitory defects in the paper.
A trial on the merits was held on September 21, 1992. The facts of the suit on open account were stipulated and are not in dispute. The reconventional demand in redhibition was contested. On November 16, 1992, judgment was rendered in favor of Casablanca in the amount of $21,924.09, less a credit in the amount of $750.00 representing the three rolls of narrow paper. The judgment further dismissed Hays’ reconventional demand at his own costs. Both parties appeal.

REDHIBITION

Hays argues that the trial court erred in finding that he failed to carry his burden of proof on the redhibition claim.
In a redhibition case, the buyer has the burden of proving the existence of a defect by a preponderance of the evidence. Jordan v. Security Co., 425 So.2d 333 (La.App. 3d Cir.1982); Beth Israel v. Bartley, Inc., 579 So.2d 1066 (La.App. 4th Cir.), writ denied, 587 So.2d 696 (La.1991).
“In order to establish a prima facie case in redhibition, a buyer must show that a non-apparent defect existed at the time of sale. LSA-C.C. art. 2520 and art. 2530. The evidentiary burden is that the proof must be more probable than not. He need not prove the underlying cause of the defect, but only that it existed. Ezell v. General Motors Corp., 446 So.2d 954 (La.App. 3d Cir.), writ denied, 449 So.2d 1350 (La.1984), and cases cited therein.
* * * * * ⅜
Once the plaintiff establishes his prima facie case, the burden shifts to the defendant to show that he can somehow escape liability. Ezell v. General Motors Corp., supra.”
Parker v. Dubus Engine Co., 563 So.2d 355, 358 (La.App.3d Cir.1990).
Proof of a defect may be by direct or circumstantial evidence which gives rise to a reasonable inference that the defect existed. Beth Israel v. Bartley, Inc., supra.
The record shows that the issues resolved by the trial court were issues of fact and that there was ample evidence in the record to *701 support the trial court’s rejection of the claim in redhibition. We note that there was a substantial discrepancy between the answers to discovery given by Hays and the testimony given by him at the time of trial. Hays answered interrogatories in June of 1991 in which he stated that the only difficulties encountered with the paper were with tension and wrapping problems. He made no mention of problems with splicing. At trial, however, he testified that in May of 1991, he experienced problems with splicing in Casablanca’s paper. His answers to interrogatories contradicted his trial testimony and seriously called his credibility into question. Moreover, in his reconventional demand, his only allegation of defect in the paper is that the paper was “improperly rolled.” He did not allege in his reconventional demand that he had splicing problems. His trial testimony with reference to the splicing problems is, therefore, impeached and the trial judge was justified in not accepting this testimony.
Furthermore, Hays was unable to show whether the problems he experienced with the paper were caused by the paper itself or by the performance of his employees and/or his equipment. The trial judge, in his reasons for judgment, indicated that “[pjrinting press [sic] have controls which can be adjusted to control the tension of paper rolls and prevent wrapping of the plate/blanket cylinder.” This finding by the trial court is supported by Mr. Hays’ testimony and justifies a factual finding by the trial court that Hays’ employees’ control of their machinery was as likely to have caused the problems as the manner in which the Casablanca paper was wrapped. The evidence shows that the amount of tension is a critical factor in the operation of the machinery. Adjustments to each roll of paper must be made by the operator and either improper tension or improper adjustments can adequately explain the problems Hays experienced with the paper.

CREDIT FOR NARROW PAPER

Casablanca, in its cross-appeal, contends that the trial judge incorrectly credited Hays the amount of $750.00 for the narrow paper. Casablanca argues that there was no evidence to support this credit. We agree. However, we find that no sale of the three remaining narrow rolls was ever perfected. Accordingly, we order Casablanca to pick up the rolls and return to Hays any amount paid for the narrow rolls. See DB Orban Co. v. Lakco Pipe & Supply, Inc., 496 So.2d 1382 (La.App.3d Cir.1986).

ATTORNEY’S FEES ON OPEN ACCOUNT

Finally, Casablanca argues that it is entitled to attorney’s fees on its suit on open account. We agree. The plaintiff has met all of the requirements of LSA-R.S. 9:2781. Accordingly, plaintiff is entitled to reasonable attorney’s fees for collection of the monies owed on open account. We award $1,000.00 for representation at trial and $500.00 for representation on appeal.

WAIVER OF REDHIBITION

Having found that Hays has not carried his burden of proving a redhibitory defect, we pretermit the question of whether Hays waived the warranty of redhibitory vices imposed by law.

CONCLUSION

For the above and foregoing reasons, the judgment of the trial court on the open account is amended to delete the $750.00 credit and to order Casablanca to pick up the three rolls of narrow paper from Hays and return to him the purchase price paid, if any.
The judgment of the trial court rejecting the reconventional demand of Hays is affirmed.
Plaintiff, Casablanca Converters, Inc., is awarded attorney’s fees of $1,000.00 for the trial level and an additional attorney’s fees of $500.00 for this appeal.
In all other respects, the judgment of the trial court is affirmed.
Costs at the trial level and on appeal are to be paid by defendant, John M. Hays d/b/a Morning Paper, Inc.
*702 AFFIRMED IN PART AS AMENDED; REVERSED IN PART AND RENDERED.
DOUCET, J., dissents in part and assigns reasons.