11 SAUNDERS, Judge.
On January 4, 1996, Pamela Ann Lafleur filed suit against Ernie Kaye Desormeaux in order to execute a promissory note. Defendant reconvened in redhibition seeking to rescind the sale of the property, which secured the payment of the promissory note.
At the close of plaintiffs’ evidence, plaintiffs moved for an involuntary dismissal. The trial court rendered judgment in favor of the plaintiffs, granting their motion for involuntary dismissal. The trial court also dismissed the reconventional demand for rescission and denied an action in quanti minoris on the basis of its finding |2that defendant/re-conventional plaintiff failed to produce sufficient evidence of the cost of repair, thus precluding a judgment in her favor.
Defendant/reconventional plaintiff appeals the trial court’s refusal to grant a rescission of the sale after finding that the lack of an approved sewerage system rendered the restaurant and motel incapable of being used as intended. We reverse and remand.

FACTS

On September 17, 1994, Pamela Lafleur and Ms. Desormeaux, reconventional plaintiff, entered into an agreement to purchase and sell a restaurant and motel known as the “Marshland Motel and Grill” located in Hack-berry, Louisiana, for the purchase price of $125,000.00. Ms. Desormeaux paid $15,-000.00 down on the property and on September 30, 1994, executed a promissory note for the amount of $110,000.00. The note was secured by a vendor’s lien and was payable in twelve monthly installments, with the entire balance due on September 30, 1995. Ms. Desormeaux intended to pay the balloon payment by obtaining a Small Business Association (SBA) loan through a local bank.
Ms. Desormeaux began operating the Marshland Motel and Grill on October 1, 1994. In January of 1995, Ms. Desormeaux requested that the Department of Health inspect the premises so that she could obtain a beverage permit. Mr. Dan Thibodeaux initially inspected the premises on January 23,1995, and while awaiting a dye test result to determine the adequacy of the current sewer system, allowed Ms. Desormeaux to continue operating the Marshland Motel and Grill. Eventually, Ms. Desormeaux was notified that the results of the dye testing indicated that the current sewer system did not meet sanitary standards under the Louisiana Sanitary Code. As a result, an informal conference was held on May 31, 1995, between representatives of the Health Department, including Mr. Thibodeaux, and Ms. Desor-meaux, following which Ms. [ 3Desormeaux was given thirty days to install a mechanical plant, mop sink and hand washing sinks. After Ms. Desormeaux was unable to comply with the sanitary requirements dictated by the Health Department, a formal administrative hearing was held on August 8, 1995,[1] following which Ms. Desormeaux was advised to bring the sewerage system up to Code standards by February 1,1996.
This suit followed Ms. Desormeaux’s attempt on November 17, 1995, to return the property to the plaintiffs on the ground that the property contained redhibitory defects. Plaintiffs responded on January 4, 1996, by foreclosing on the property due to Ms. De-sormeaux’s failure to make timely payment on the note. Ms. Desormeaux reconvened asking that the sheriffs sale be enjoined and that the sale be rescinded.
The case was tried on April 3, 1996. At the close of Ms. Desormeaux’s evidence on the reconventional demand, plaintiffs moved for involuntary dismissal of her claim on the basis that she had not made a prima facie ease. The trial court granted the motion, finding that total rescission of the sale was not in order. Additionally, the trial court concluded that plaintiff-in-reconvention’s failure to produce sufficient evidence of the cost *619 of repairs precluded judgment in her favor for a reduction in price.
Ms. Desormeaux presently contests the trial court’s refusal to grant rescission of the sale after finding that the lack of an approved sewerage system rendered the restaurant and motel incapable of being used as intended.

LAW AND OPINION

I. INVOLUNTARY DISMISSAL
The trial court possesses much discretion in determining whether to grant a motion for an involuntary dismissal. Mott v. Babin Motors, 451 So.2d 682, 637 (La. App. 3 Cir.1984). When such a motion is made, the court must evaluate all of the evidence that has been presented and grant the motion if the plaintiff has failed to establish his case by a preponderance of the evidence. La.C.C.P. art. 1672(B); Crowell v. City of Alexandria, 558 So.2d 216, 218 (La.1990). Thus, a motion for an | involuntary dismissal should be denied if the evidence, taken as whole, indicates that the existence of the fact or cause sought to be proved is more probable than not. Marcotte v. Travelers Ins., 258 La. 989, 249 So.2d 105, 107 (1971). The trial court’s decision to grant an involuntary dismissal should not be reversed in the absence of manifest error. Id.
Continental Ins. Co. v. Three Seasons Pest Control, 94-1094, p. 2 (La.App. 3 Cir. 2/1/95), 649 So.2d 1220, 1222.
In light of the evidence presented in the record, we find that the trial court’s decision granting an involuntary dismissal was clearly wrong and thus should be reversed.
II. REDHIBITORY ACTION
Appellant, Ernie Desormeaux, urges that Pamela Ann LaFleur be held liable for the redhibitory defect in the sewage system of the hotel/restaurant she sold to her. Specifically, she maintains that she is entitled to rescission of the sale.
Initially, the trial court found that a defect existed in the property sold to plaintiff-in-reconvention; nonetheless, it determined it was not of such a nature as to render the property useless and denied rescission of the sale. Instead, the trial court found the more appropriate remedy to be an action in quanti minoris. In reaching this conclusion the trial court reasoned that a defect existed that rendered the property in need of repair in order for it to be used as it was intended by the purchaser. The trial court further found that because Ms. Desor-meaux had failed to lay the proper foundation for introducing estimates of the cost of repair, it was unable to determine a figure by which the purchase price should be reduced and therefore granted the motion for involuntary dismissal.
The trial court’s ultimate determination as to whether a defect is egregious enough to warrant rescission of the sale or merely inconvenient so as to warrant a reduction in price is factual in nature. As such, the trial court’s findings are entitled to great weight on appeal and should not be disturbed absent a finding of manifest error or clear wrongness. Brannon v. Boe, 569 So.2d 1086 (La.App. 3rd Cir.1990); Smith v. General Motors Acceptance Corp., 542 So.2d 831 (La.App. 3rd Cir.1989).
| ^Carpenter v. Lafayette Woodworks, Inc., 94-1011, p. 12 (La.App. 3 Cir. 2/1/95), 653 So.2d 1187, 1194.
Although it is clear that the trial court is left much discretion in deciding whether a rescission or mere reduction in price is warranted, the law is clear in its description of instances in which rescission is appropriate. La.Civ.Code art. 2541.
La.Civ.Code art. 2520, which provides for redhibitory actions, provides the following:
The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so *620 that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.
(Emphasis added.)
While we find that the trial court did not err when it determined that the plaintiff-in-reeonvention did not present adequate evidence into the record to support a redhibi-tory action for a reduction in price, we disagree with the trial court’s dismissal of the plaintiff-in-reconvention’s efforts to establish a prima facie ease which would allow rescission of the sale.
In Carpenter v. Lafayette Woodworks, 94-1011, p. 11-12, 653 So.2d 1187, 1193-94, we outlined what a claimant must establish in order to prevail in an action in redhibition:
The purchaser has the burden of establishing that the defect existed at the time of the purchase, but was neither known or apparent to him. Also, he must prove that the thing sold is absolutely useless for its intended purpose or that its use is so inconvenient that it must be supposed that he would not have bought it had he known of the defect. LeBlanc v. Mercedes-Benz of North America, Inc., 93-307 (La. App.3rd Cir. 3/2/94), 633 So.2d 399, writ denied, 94-1225 (La.7/1/94), 639 So.2d 161169; Oliver v. Chrysler Corporation, 510 So.2d 1320 (La.App. 3rd Cir.1987), citing Dickerson v. Begnaud Motors, Inc., 446 So.2d 536 (La.App. 3rd Cir.1984), writ denied, 449 So.2d 1349 (La.1984). A good faith seller, one who knew not the vices of the thing, must repair, remedy, or correct the vices. If he is unable to or fails to do so, he must restore the purchase price plus reasonable sale and preservation expenses, subject to a credit for the value of any fruits or use the purchaser has drawn from it. La.C.C. art. 2531. The statute allows the seller in good faith the opportunity to repair the defective thing before the buyer cán tender it for rescission. It is the persistence of the defect after attempted repair that gives rise to the right of rescission. Coutee v. Williams, 611 So.2d 803 (La.App. 3 Cir.1992). A bad faith seller, one who knows the vice of the thing he sells and omits to declare it, is additionally liable for damages and attorney’s fees. La.C.C. art. 2545. In a redhibition suit, the judge may decree merely a reduction of the price. La.C.C. art. 2543.
The vendors contend that the property sold to Ms. Desormeaux contained no vice or defect at the time of the sale and as such, precludes a judgment in redhibition. La. Civ. Code art. 2530. In support of their position, they assert that four months prior to the sale of the property, the State Health Department inspected the property and rendered it suitable for a permit, noting no deficiencies with the current sewerage system. Consequently, defendants-in-reconvention maintain that the problems that arose with the sewerage system should be borne by Ms. Desor-meaux.
We cannot agree. The record reveals that prior to Mr. Dan Thibodeaux obtaining his health inspector position with the State, inspections in Cameron parish were irregular in nature.[2] In fact, Mr. Thibodeaux testified that according to the file and data sheets, the previous inspection in May 1994 by Claudette Skellum lacked an indication of the type of testing that was run in order to determine if the sewerage system was in proper working condition and there was no way to be certain that Ms. Skellum completed a total inspection which would include inside and outside of the premises.
|7In light of the foregoing, we likewise find that a defect did in fact exist prior to the sale of the property at issue.
Alternatively, the vendors argue that even had the purchaser otherwise been entitled to rescission of the sale, she nonetheless is entitled only to a reduction in the price due to her failure to timely tender the property.
La.Civ.Code art. 2522 provides in pertinent part:
*621 The buyer must give the seller notice of the existence of a redhibitory defect in the thing sold. That notice must be sufficiently timely as to allow the seller the opportunity to make the required repairs. A buyer who fails to give that notice suffers diminution of the warranty to the extent the seller can show that the defect could have been repaired or that the defect could have been repaired or that the repairs would have been less burdensome, had he received timely notice.
Again, we find no merit. As the comments to La.Civ.Code art. 2522 suggest, this article changes the law “by providing that the buyer must give the seller notice of the existence of a redhibitory defect, and that such notice must also be timely.”
The record indicates that while plaintiff did not per se request that the defendants repair the sewerage system, she did communicate to them that a defect existed. Furthermore, the record indicates that the defendants-in-reconvention were present at the informal conference held between the plaintiff-in-re-convention and the State Health Department and then learned of the defects in the sewerage system. Thus, while Ms. Desormeaux gave no formal notice of defect in the property until November 17, 1995, it is clear from the record that the defendants-in-reeonvention had actual notice of the defect and had adequate time to make repairs.
Finally, while we agree that the trial court did not err when it determined that the defect in the property did not render the property absolutely useless for its intended purpose, we do find the property so defective as to give rise to the presumption that the condition was so inconvenient or imperfect as to cause a reasonable person to refuse to purchase the property had he/she known of the defective sewerage system.
IsWhen Ms. Desormeaux purchased the property at issue, she made it unequivocally clear that it was her intention to run the motel and restaurant which included providing video poker and alcoholic beverages for her customers. It was necessary for Ms. Desormeaux to obtain a health permit in order to run her establishment as she desired, and her testimony clearly reveals that had she known of the deficiencies in the sewerage system that would prevent her from getting the licenses needed to operate her establishment, she would not have purchased the property. Clearly, a reasonable man under like circumstances would not have purchased the property had he known of the vice or defect. Napoli v. Gully, 509 So.2d 798 (La.App. 1 Cir.), writ denied, 512 So.2d 1182 (La.1987).
As noted at the outset, the trial court determined that plaintiff-in-reconvention did not present a prima facie case for rescission on the basis of its finding that the defect did not render the property absolutely useless. We reverse this conclusion. In light of the above, we find that Ms. Desormeaux established a prima facie case in redhibition, shifting the burden to the vendors to show that they could escape liability. Casablanca Convertors, Inc. v. Morning Paper, Inc., 627 So.2d 699 (La.App. 3 Cir.1993), rev’d on other grounds; see also, Parker v. Dubus Engine Co., 563 So.2d 355 (La.App. 3 Cir.1990); Ezell v. General Motors Corp., 446 So.2d 954 (La.App. 3 Cir.); writ denied, 449 So.2d 1350 (La.1984).

DECREE

The judgment of the trial court is reversed in part and remanded for further proceedings, with costs to await the merits.
REVERSED IN PART; REMANDED.
AMY, J., dissents and assigns written reasons.

. The date of the formal hearing referred to in the record was September 27, 1995.

. Mr. Thibadeaux testified that the Department of Health makes periodic inspections of places of business (routinely about every quarter) to insure that businesses are in compliance with codal standards. However, the record reveals that the parish was unmanned for approximately a year and a half, resulting in irregular inspection periods.