I,MARION F. EDWARDS, Judge.
Defendants/Appellants appeals the trial court’s award of damages and attorney’s fees to Plaintiff. For the following reasons, the judgment of the trial court is affirmed, and we further award attorney’s fees to plaintiff for costs associated with this appeal.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Diana Davis (“Davis”), purchased a town home in Jefferson Parish from Donald P. Seghers, Domani Investments, L.L.C. and Dapco Ventures, L.L.C. (“defendants”), on December 29, 2001. Shortly thereafter, Davis’ next door neighbor began to complain that rain water was entering her home through a common wall between the living room and Davis’ backyard patio. After unsuccessful attempts to rectify the drainage problem by both Davis and defendants, Davis filed suit in First Parish Court for the ^Parish of Jefferson on January 2, 2002, alleging negligence and bad construction practices.
Trial on the matter was held on June 4, 2002. The trial court awarded Davis $2,365.00 in general damages and $3,500.00 in attorney’s fees. The trial court further dismissed defendant, Donald P. Seghers, with prejudice. Defendants filed a motion for a new trial, which was denied on August 8, 2002. Defendants timely filed the present appeal.
LAW AND ANALYSIS.
On appeal, six assignments of error are raised: l)That the trial court erred in rendering judgment in favor of Davis because she failed to prove negligence or bad construction practices; 2)The trial court erred in finding in favor of Davis because she failed to prove that her back and side yards were improperly graded at the time she took control of the property; 3)The trial court erred in finding in favor of Davis because she failed to prove an actual or continuous sequence, unbroken by intervening acts, from the time she took control of the property until the flooding began after she erected an elevated plant bed; 4)The. trial court erred in finding in favor of Davis because she failed to specifically plead her action and/or basis of recovery in her petition for damages under the “NHWA”; 5)The trial court erred in granting attorney’s fees under LSA-R.S. 9:3149, and; 6)The trial court erred in awarding excessive attorney’s fees.
When an appellate court reviews the factual findings of the trial court, it is limited to a review for manifest error.[1] The court may only modify or set aside a factual finding of the trial court when it is clearly wrong.[2] This is resolved by determining whether the finding was reasonable in light of the |4record reviewed in its entirety.[3] Furthermore, “where two permissible views of the evidence exists, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.”[4]
In regard to the first three assignments of error, at issue is the cause of an acknowledged drainage problem in Davis’ back yard, and whether the problem existed at the time of sale. Donald Seghers, part owner of Domani Investments, LLC, and architect of Davis’ home, testified at trial. Seghers gave his opinion that he believed that the reason why the flooding occurred was because of a flowerbed that *264 had been constructed by Davis. Seghers further stated that he believed that the flooding continued even after the flowerbed had been removed because the original surface grading in Davis’ yard had been altered from the condition when it was bought.
Seghers stated that he was personally present when the Jefferson Parish Inspection and Code Enforcement Department inspected the premises prior to Davis’ purchase. The Parish subsequently issued a compliance certificate to Domani Investments for the building. Seghers said that after the buildings were completed, he never found any problems with the property. He specifically recalls holding an open house in a “severe down pour,” and did not witness any flooding at that time. It was elicited at trial that Seghers had no elevation of the property taken before he sold it to Davis.
At trial, Davis testified that after she moved into her home she observed “puddling” in her back yard, but did not see as much until the new sod in the yard had rotted away. Davis said that she had planted a four foot long, three-inch high garden outside of the back door to her home. On June | B4, 2000, Davis said that she first complained to Seghers about a drainage problem in her backyard, after a next door neighbor informed Davis about water that was seeping into the neighbor’s adjoining home through a common wall in the back of the house. Davis testified that after she could not get a response from Seghers, she immediately dug trenches from her back yard to the front yard to alleviate the water build up. Davis also removed the flowerbed on June 4, 2000 when she observed that the bed inhibited some of the water from moving out.
Davis said that Seghers came out in July of 2000, but that the problem was not resolved. Davis then hired an irrigation specialist at her own expense for $1065.00 to install two catch basins and drain pipes to help solve the flooding problem. Davis testified that neither she nor the irrigation specialist altered the grading in the backyard.
Robert Sigsworth, a licensed Landscape Contractor, was admitted by the court as an expert in landscaping, and testified on Davis’ behalf. Sigsworth said that he first visited Davis’ property in the late spring or early summer of 2001, specifically during rain storms. At that time, he observed that the back patio area of Davis’ home had an extensive amount of water leaning toward the divider wall between the two units. Sigsworth testified that, in his opinion, the backyard was not properly graded and needed to be graded again for proper drainage. Sigsworth further stated that the presence of sod will tend to mask a problem with water in the yard. On cross examination, Sigsworth stated that he had not inspected Davis’ property right after she purchased it, and therefore couldn’t testify whether the grading was done properly at the time she moved in.
At the conclusion of the trial, the court noted:
U do find that there were a few problems, that there is a problem with the drainage in his (sic) backyard, whether it was from the initial construction or whether it just gradually occurred over time from erosion. The problem wasn’t noticed by Ms. Davis until she put the garden up which she said, she immediately took up. She never noticed a problem with the flooding in the backyard. Maybe she just didn’t notice it. The fact [is] when she put the garden up it started blocking everything and caused the water to dam up. But it seems to me, once she removed that garden, the yard, if it was properly graded, should *265 have drained better than it did ... But the court is going to find that listening to the testimony of everybody and what was going on that the yard was not properly graded at the time that this lady bought the house.
Based upon our review of the record, in particular the testimony of Davis’ expert, Robert Sigsworth, we cannot say that the trial court’s conclusion of negligence in failing to properly grade the property at the time of sale, is manifestly erroneous.
In their next assignment of error, defendants assert that the trial court erred in finding in favor of the Davis because she failed to specifically plead her action and/or basis of recovery in her petition for damages under the “NHWA”, and that the trial court also erred in awarding attorneys fees under the NHWA.
Under La. R.S. 9:3150, the “New Home Warranty Act” or “NHWA” provides the exclusive remedies, warranties, and prescriptive periods as between builder and owner relative to new home construction, and no other provisions of law relative to warranties and redhibitory vices and defects apply. According to the NHWA, the warranty commencement date is the date that legal title to a home is conveyed to its initial purchaser or the date the home is first occupied, whichever occurs first.
We first consider whether, as defendants claim, the NHRA is inapplicable to the present facts. Citing LSA-R.S. 9:3144 B(l), defendants |7contend that the improper grading of a property is excluded from the act. LSA-R.S. 9:3144 B(l) states:
B. Unless the parties otherwise agree in writing, the builder’s warranty shall exclude the following items:
(1) Fences, landscaping, including, but not limited to, sodding, seeding, shrubs, trees, and plantings, as well as off-site improvements, all driveways and walkways, or any other improvement not a part of the home itself.
Defendants conclude that there was no agreement that allowed the NHWA to the sodding, landscaping and grading of Davis’ back and side yards.
Conversely, Davis argues that, unlike the examples provided in LSA-R.S. 9:3144 B(l), grading is not considered landscaping, but instead is considered a “building standard,” as defined by LSA-R.S. 9:3143(2). LSA-R.S. 9:3143(2) states:
(2) “Building standards” means the standards contained in the building code, mechanical-plumbing code, and electrical code in effect in the parish, city, or other local political subdivision where a home is to be located, at the time construction of that home is commenced, or, if the parish, city, or other local political subdivision has not adopted such codes, the Standard Building Code, together with any additional performance standards, if any, which the builder may undertake to be in compliance. [Emphasis added].
LSA-R.S. 9:3144(1) further indicates that the NHWA warranty extends to “any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.”
In this case, defendant Donald Seghers testified at trial that he was familiar with Section 113.1 of the Building Code for the Parish of Jefferson that institutes certain requirements for lot grading. In particular, Seghers acknowledged that the Building Code in regard to grading required that the property had to slope upwards one inch for every twenty feet toward the rear |Rof the property. The. grading requirement, contained in Jefferson Parish’s *266 Building Code, clearly fits the definition of a building standard, as anticipated by LSA-R.S. 9:3143(2), and we therefore find it applicable to the present case.
We further find no merit in defendants’ argument that Davis should be precluded from recovering under the NHWA since it was not specifically pled in her petition. Here the question pertains to the law that governs the cause of action, and, as previously stated, NHWA provides the exclusive remedy, warranty, and prescriptive periods as between a builder and owner relative to new home construction. Furthermore, courts can take judicial notice of the laws and statutes of the state and that judicial notice may be taken at any stage of the proceeding.[5] Therefore, we find that even if the plaintiff had not briefed the court on the New Home Warranty Act, the court was at liberty to take judicial notice of any applicable law.[6]
Finally, defendants dispute the award of attorney fees to Davis in the amount of $3,500.00 as excessive. An award of attorney fees should be disturbed on appeal only when there has been a clear abuse of the vast discretion afforded the trier of fact.[7] In this case, legal counsel for Davis submitted a record of his 12.80 billable hours for the case, which accrued prior to trial. In addition, according to the estimation of the trial court, the trial itself took an additional estimated four hours to conduct. Based upon our review of the record, we cannot say that the trial court abused its discretion in its award of attorney’s fees.
IflFinally, we award $1,500.00 in attorney’s fees to plaintiff for costs associated with this appeal.
For the foregoing reasons, the judgment of the trial court is amended to include attorney’s fees incurred in association with this appeal, and affirmed as amended.
AMENDED; AFFIRMED AS AMENDED.

. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993).

. Stobart at 882.

. Id.

. Stobart v. State, 617 So.2d 880, 882-883 (La.1993).

. La.Code Evid. Art. 202.

. Coussan v. Jim Tatman’s Mobile Homes, Inc., 1999-956 (La.App. 3 Cir. 12/15/99), 755 So.2d 293.

. Solar v. Griffin, 554 So.2d 1324 (La.App. 1 Cir.1989), writ denied, 558 So.2d 582 (La.1990).