STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1060

RACHELLE STARRETT PREUETT

VERSUS

IRA ANDERSON PREUETT

**********

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 16,679
HONORABLE W. PEYTON CUNNINGHAM, JR., DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Marc T. Amy, Michael G. Sullivan and Shannon James Gremillion, Judges.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**


**J. Ogden Middleton, II**
**1744 White Street**
**Alexandria, LA 71301**
**(318) 443-4377**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Rachelle Starrett Preuett**

**Thomas D. Davenport, Jr.**
**The Davenport Firm**
**1628 Metro Drive**
**Alexandria, LA 71301**
**(318) 445-9696**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Ira Anderson Preuett**

AMY, Judge.

In this custody matter, the parties had joint custody pursuant to a previous considered decree. Mr. Preuett served as the domiciliary parent. He filed a rule to clarify the judgment as a result of Ms. Preuett's relocation, and Ms. Preuett filed a response and a counter rule. Mr. Preuett filed exceptions of no cause of action, no right of action, and vagueness. At the hearing on the exceptions, the trial court denied the exceptions and modified the custody decree. Mr. Preuett appeals. For the following reasons, we affirm the denial of the exceptions but reverse the modified custody decree and remand for further proceedings.

### Factual and Procedural Background

Rachelle Starrett Preuett and Ira Anderson Preuett were married; six children were born of the marriage. The couple divorced and have been involved in litigation for several years. On September 25, 2007, the trial court designated Mr. Preuett the principal domiciliary parent of four of the five minor children[1] and established a schedule regarding Ms. Preuett's physical custody of the minor children on weekends and holidays. At the time of this judgment, Ms. Preuett had remarried, and her new husband, Mr. Edwards, resided in Oregon. Ultimately, Ms. Preuett moved to Oregon to live with her husband.

In response to her relocation, Mr. Preuett filed a Rule for Child Support and to Clarify Stipulated Judgment[2] for Joint Custody, wherein he asserted that:

---

[1] The record indicates that the oldest son is no longer a minor, and the second oldest child, Abbie Gail Preuett, though a minor, was not mentioned in the September 25, 2007 judgment.

[2] In an order to supplement the record on appeal, the caption of the petition was changed to reflect that the language "stipulated judgment" was replaced with "considered decree," in light of the fact that the September 25, 2007 custody determination was made by a judge after a thorough review of evidence, exhibits, and testimony.

[t]he Judgment signed by this Court is lacking clarity and its functional operation has caused a hardship between the parties. Hence, the Mover seeks a clarification regarding the transportation of the minor children to the State of Oregon as the Defendant-in-Rule has voluntarily moved to that State and is seeking your Petitioner to provide for all cost of same.

Ms. Preuett filed a Response to "Rule for Child Support and to Clarify Stipulated Judgment as to Child Custody" and Counter-Rules for Modification of Custody Judgment, Physical Custody Plan and for Calculation of Child Support with Contested Motion to Continue Support Hearing. Regarding Ms. Preuett's Counter-Rules, Mr. Preuett filed peremptory exceptions of no cause of action and no right of action and a dilatory exception of vagueness. On May 13, 2008, the trial court held conferences with the parties' attorneys in chambers and heard oral arguments relevant to the exceptions. There is no indication that evidence, testimony, or stipulations were presented. Thereafter, the trial court denied all three exceptions and modified the September 25, 2007 custody decree by granting additional custodial time to the mother during the summer months. Also, the trial court ordered that the judgment include Abbie Gail Preuett despite the September 25, 2007 judgment's exclusion of her. Mr. Preuett appeals, asserting the following assignments of error:

(1) The Trial Court committed legal error by improperly modifying the considered decree without applying the *Bergeron* standard.

(2) The Trial Court committed legal error by including Abbie Gail Preuett in the September 25, 2007 *Judgment* without any evidence or a determination of the best interest of the child.

(3) The Trial Court erred by failing to distinguish "visitation" from "child custody" when the parties have joint custody.

**Discussion**

Mr. Preuett's assignments of error, in sum, address whether the evidence presented at the hearing was sufficient to support the trial court's judgment. This

2

argument surfaces as a result of the procedural setting of the case. The task before the trial court on May 13, 2008 was to consider and rule upon the exceptions filed by Mr. Preuett. No evidence was presented by the parties. The trial court, however, did not rule only upon the exceptions; he ruled upon the merits of the rules filed by the parties—a determination that requires the presentation of evidence. Insofar as this procedural dynamic affects Mr. Preuett's sufficiency argument, we address the fact that the trial court exceeded the limited scope of the proceedings set before it on that date, i.e., the exceptions.

It is clear from the court minutes,[3] the parties' references to the hearing in their briefs,[4] Mr. Preuett's attorney's reference to it at the hearing,[5] the order that set the hearing,[6] and the Judgments on the Rules[7] that the hearing, pursuant to notice, was

---

[3] The minutes of the court for the May 13, 2008 hearing state: "This matter came before the court [sic] Exception and No Cause of Action."

[4] Mr. Preuett's brief provides, "The Appellant filed various exceptions to the *Response* with said exceptions being set for hearing on May 13, 2008." Rachelle Preuett's brief contains a heading entitled "The May 13, 2008 Hearing on Appellant's Exceptions and Oral Ruling."

[5] Mr. Davenport, Mr. Preuett's attorney, stated at the hearing, "Your Honor, we are here today in response to my dilatory exception of vagueness and peremptory exceptions of no cause of action and no right of action."

[6] The order that summoned Ms. Preuett into court on May 13, 2008, provided:

THE ABOVE MOTION CONSIDERED:

IT IS ORDERED that Plaintiff-in-Rule, RACHELLE STARRETT PREUETT EDWARDS, do show cause, on the 13 day of May, 2008 at the hour of 1:30 [p.m.] o'clock, why there should not be judgment in favor of Plaintiff-in-Rule/Defendant-in-Reconvention, IRA PREUETT, as follows:

1.  Sustaining these *Exceptions* and dismissing the demands of RACHELLE STARRETT PREUETT EDWARDS, and at her cost;

2.  Ordering the exception of vagueness and ambiguity be sustained and accordingly, and that RACHELLE STARRETT PREUETT EDWARDS be ordered to amend , particularizing the vague, general and indefinite allegations contained in her rule, and that in default of such amendment within a reasonable delay to be fixed by this Court, that her rule be dismissed, with prejudice and at her cost;

3

on the exceptions, not on the merits . The supreme court in *Darville v. Texaco, Inc.*, 447 So.2d 473, 474-75 (La.1984), stated:

> The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true. La.C.C.Pro. art. 927; *Mayer v. Valentine Sugars, Inc.*, 444 So.2d 618 (La.1984); *Haskins v. Clary*, 346 So.2d 193 (La.1977). The general rule applicable to a trial of such exception is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless the plaintiff has no cause of action under any evidence admissible under the pleadings. *Haskins*, *supra* at 195; *West v. Ray*, 210 La. 25, 26 So.2d 221 (1946).

In *Owens v. Martin*, 449 So.2d 448, 452 (La.1984), the supreme court further provided that "[w]hen a Court can reasonably do so, it should maintain the petition so as to afford a litigant an opportunity to present his evidence."

In his assignments of error, Mr. Preuett asserts that the trial court erred in modifying the custody decree in the absence of evidence or testimony. This lack of evidence was a result of the hearing's narrow scope. Because only the exceptions were before the court, no evidence on the merits was presented. Moreover, when the court signaled its intention to continue and consider the questions presented by the

---

3.     Increasing child support to an amount in accordance with the guidelines and Louisiana law;

4.     Ordering that RACHELLE STARRETT PREUETT EDWARDS produce to this court copies of her year 2006 to present Federal and State Tax Returns;

5.     Ordering this *Motion* be allowed;

6.     Further for full, general, and equitable relief.

[7] The Judgments on Rules stated, "THIS MATTER CAME BEFORE THE COURT ON MAY 13, 2008, on 'Dilatory Exceptions of Vagueness and Peremptory Exceptions of No Cause of Action and No Right of Action' filed by Ira Preuett."

4

rules, Mr. Preuett objected.[8] Overruling the objection, the trial court continued; again the parties were not provided an opportunity to present evidence concerning the physical custody plan. The trial court erred in changing the custody judgment without hearing evidence on the issue. Accordingly, we reverse the judgment insofar as it renders a modified custody decree, and we remand for further proceedings.

*Exceptions of No Cause of Action, No Right of Action, and Vagueness*

Insofar as Mr. Preuett's assignments of error relate to the trial court's rulings on the exceptions, we review the record *de novo* to determine whether the exceptions were correctly denied. *See Indus. Cos., Inc. v. Durbin*, 02-665, p. 6-7 (La.1/28/03), 837 So.2d 1207, 1213, wherein the supreme court instructed, "[i]n reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court and this court should conduct a *de novo* review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition." *See also Horrell v. Horrell*, 99-1093 (La.App. 1 Cir. 10/6/00), 808 So.2d 363, *writ denied*, 01-2546 (La. 12/7/01), 803 So.2d 971, holding same for exception of no right of action.

Mr. Preuett filed peremptory exceptions of no cause of action and no right of action and a dilatory exception of vagueness. He primarily argued that Ms. Preuett's Counter-Rules did not allege sufficient facts to meet the heavy burden established by *Bergeron v. Bergeron*, 492 So.2d 1193, (La.1986), wherein the supreme court held:

> When a trial court has made a considered decree of permanent custody, the party seeking a change bears the difficult burden of proving that the continuation of the present custody situation is so deleterious to the

---

[8] Mr. Preuett's attorney objected to a discussion of the merits of the custody matter, stating, "Objection, Your Honor, that's outside of the scope of the pleading we are here for today and it's beyond the pleadings and everything we are supposed to be up here for today." The trial court overruled the objection.

child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.

Mr. Preuett contended that "[t]here are no allegations of fact" in Ms. Preuett's Counter-Rules that would meet the requirements of *Bergeron*. He asserts that Ms. Preuett, instead, "merely requested the physical custody plan be modified to recognize the geographic distance between the parties."

In ruling on the sufficiency of Ms. Preuett's pleading, it is necessary to look at its language. Her Counter-Rule states in pertinent part:

> Plaintiff in Rule avers that the September 25, 2007's visitation schedule needs to be modified, as it did not and does not take into account the fact that the plaintiff in rule had remarried at the time of the prior judgment and that her husband was already at the time employed in the State of Oregon, where plaintiff in rule understandably now resides with her new spouse.

> Not only have disagreements arisen between the plaintiff in rule and defendant as to the expenses associated with the travel costs flowing from the geographical distance between the parents, plaintiff in rule avers that the defendant has taken the position that the minor children shall not enjoy visitation with the plaintiff in rule in Oregon at all.

> Plaintiff avers that the defendant has not only expressed his opposition to visitation directly to the plaintiff, but has indeed taken up this exact issue with the minor children, informing them that they will not be visiting this summer with their mother in Oregon.

The fifth circuit in *Menge v. Menge*, 545 So.2d 674, 676 (La.App. 5 Cir. 1989) held:

> [I]n order to maintain a cause of action in a modification of a considered custody decree, the movant must allege some circumstances within the framework of *Bergeron*---that is, movant must aver in at least general terms that continuation of the present custody is so deleterious to the child as to justify a modification, or that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.

6

Based on the allegations in Ms. Preuett's petition, we do not find that the trial court erred in denying the exceptions. Her petition, asserting that the previous visitation schedule did not account for her relocation and that Mr. Preuett will not allow the children to visit her in Oregon, put forth, at least in general terms, facts sufficient to meet the *Bergeron* standard. It is evident from the face of her pleading that maintaining the current custody decree is deleterious to the children, in light of the fact that it provides for each parent to have physical custody of the minor children on a weekly basis—a feat that is unworkable considering the parents' locations. Accordingly, the denial of the exceptions is affirmed.

## DECREE

For the foregoing reasons, the denial of the exceptions is affirmed, but the judgment is reversed insofar as it modifies the September 25, 2007 custody decree. The matter is remanded for further proceedings. We assess costs of this proceeding equally between the appellant, Ira Preuett, and the appellee, Rachelle Preuett.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**