NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-804


STATE FARM FIRE & CASUALTY CO., ET AL.

VERSUS

JIMMY CHARLES BOSLEY, ET AL.


************


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2008-2353
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE


************


DAVID E. CHATELAIN*
JUDGE


************


Court composed of Oswald A. Decuir, Jimmie C. Peters, and David E. Chatelain, Judges.


Decuir, J., concurs in the result.


AFFIRMED.


H. Alan McCall
Stockwell, Sievert, Viccellio,
Clements & Shaddock, L.L.P.
Post Office Box 2900
Lake Charles, Louisiana 70602
(337) 436-9491
Counsel for Defendants/Appellees:
    Jimmy Charles Bosley
    Kathleen Rose Jackson Bosley

---

*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Bonita K. Preuett-Armour**
**Koby D. Boyett**
**Armour Law Firm**
**Post Office Box 710**
**Alexandria, Louisiana  71309**
**(318) 442-6750**
**Counsel for Plaintiffs/Appellants:**
> **State Farm Fire & Casualty Co.**
> **Catherine Garr Brumwell**
> **Matthew Brumwell**

**CHATELAIN, Judge Pro Tempore.**

Insurer and its insureds appeal the trial court's judgment which sustained an exception of no cause of action in favor of the defendants who constructed and sold a home to the insureds and dismissed their claims against the defendants. We affirm the dismissal of the plaintiffs' claims against the defendants, but for reasons other than those contained in the trial court judgment.

## FACTS AND PROCEDURAL HISTORY

Catherine and Matthew Brumwell purchased a home from Jimmy and Kathleen Bosley (the Defendants). Mr. Bosley, Gregory Norsworthy, and/or Norsworthy Construction Co., Inc. were the general contractors that constructed the home. Approximately seven months after the Brumwells purchased the home, a fire occurred in the attic which caused extensive fire and smoke damage to the home and its contents. The Brumwells were forced to live elsewhere while the home was repaired and had to replace much of their personal property.

State Farm Fire and Casualty Company (State Farm), which insured the Brumwells' home pursuant to a homeowners' policy, made payments for repairs, replacement of personal property, and living expenses on behalf of the Brumwells. State Farm and the Brumwells (the Plaintiffs) filed suit against the Defendants and others, seeking to recoup the amounts State Farm paid on the Brumwells' behalf and the deductible the Brumwells paid. The Defendants filed exceptions of no right of action, no cause of action. After conducting a hearing, the trial court granted both exceptions but signed a judgment that granted only the exception of no cause of action.

1

The Plaintiffs appeal the trial court's judgment, contending that the trial court erred in finding that: 1) the New Home Warranty Act (NHWA) precludes recovery for damages and/or losses attributable to contents and interim living expenses; 2) the obligations of a seller are vitiated by the NHWA; and 3) the defect present in the Brumwells' home was susceptible to repair.

**DISCUSSION**

Relying on La.R.S. 9:3141-3150, the Defendants contend that the provisions of the NHWA excluded all of the Plaintiffs' claims against them. Their peremptory exceptions of no right of action, no cause of action are based on the Plaintiffs' failure to comply with requirements of the NHWA and the exclusivity of the remedies, warranties, and peremptive periods provided in the NHWA.

From the outset, we observe that the Defendants' peremptory exceptions of no right of action, no cause of action are pled in the same pleading with no distinction made between the two. That blending of exceptions was exacerbated when the trial court made no distinction in its oral reasons for judgment between the exceptions and granted both exceptions as though they were one. Notwithstanding the trial court's reasons, the trial court judgment which forms the basis for this appeal only granted the exception of no cause of action; the exception of no right of action was not mentioned.

Where the trial court's judgment differs from its oral reasons, the judgment prevails. *Friendship Hunting Club v. Lejeune*, 08-671 (La.App. 3 Cir. 12/10/08), 999 So.2d 216, *writ denied*, 09-79 (La. 3/13/09), 5 So.3d 121. Furthermore, when a judgment is silent as to a request for relief, it is presumed that the request was denied. *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-2371 (La. 7/1/08), 998 So.2d 16.

2

Accordingly, we must review the trial court's judgment as sustaining the peremptory exception of no cause of action and denying the peremptory exception of no right of action. Defendants did not appeal the trial court's judgment. However, this court may notice on its own motion "the failure to disclose . . . a right or interest in the plaintiff to institute the suit." La.Code Civ.P. art. 927(B). We choose to notice the exception of no right of action.

Our review of the trial court's action with regard to each of these peremptory exceptions is *de novo*. *See Preuett v. Preuett*, 08-1060 (La.App. 3 Cir. 2/11/09), 4 So.3d 260 (review of denial of an exception of no right of action is *de novo* review); *Fink v. Bryant*, 01-987 (La. 11/28/01), 801 So.2d 346 (review of ruling sustaining an exception of no cause of action is *de novo* review). Because the peremptory exceptions of no cause of action and no right of action have distinct functions and have different evidentiary rules applicable to them, we will analyze these peremptory exceptions separately.

***Peremptory exception of no cause of action***

As used in the context of the peremptory exception, a "cause of action" refers to the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant. "The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition." *Scheffler v. Adams and Reese, LLP*, 06-1774, p. 4 (La. 2/22/07), 950 So.2d 641, 646; *Fink*, 801 So.2d at 348. No evidence may be introduced to support or controvert the exception of no cause of action. La.Code Civ.P. art. 931. The supreme court elaborated in *Scheffler*, 950 So.2d at 646 (citation omitted):

3

The exception is triable on the face of the pleadings, and, for purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.

"The burden of demonstrating that a petition fails to state a cause of action is upon the mover." *Id.* at 647. The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. *Id.*

Our review of the Plaintiffs' petition shows neither their compliance nor non-compliance with the provisions of the NHWA. Accordingly, the face of the Plaintiffs' petition does not establish whether the NHWA excluded their claims against these defendants. Accordingly, based upon well-accepted methods of analysis, we find the trial court erred in sustaining the Defendants' exception of no cause of action.

### *Peremptory exception of no right of action*

An exception of no right of action "determine[s] whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Indus. Cos., Inc. v. Durbin*, 02-665, p. 11 (La. 1/28/03), 837 So.2d 1207, 1216. The question presented is whether the "plaintiff has a right to bring the suit." *Hood v. Cotter*, 08-215, p. 17 (La. 12/2/08), 5 So.3d 819, 829. "[E]vidence may be introduced to support" an exception of no right of action "when the grounds thereof do not appear from the petition." La.Code Civ.P. art. 931.

At the heart of the Defendants' peremptory exception of no right of action is their contention that the Plaintiffs have no right to bring this suit because of the provisions of the NHWA. The NHWA "establish[es] minimum required warranties

4

and shall not be waived by the owner or reduced by the builder." La.R.S. 9:3144(C). It also provides "the exclusive remedies, warranties, and peremptive periods as between builder and owner relative to home construction[,] and no other provisions of law relative to warranties and redhibitory vices and defects shall apply." La.R.S. 9:3150.

The Defendants first argue that the Plaintiffs cannot take advantage of the NHWA because they failed to satisfy the notice requirements provided in La.R.S. 9:3145. Section 3145(A) requires that an "owner give the builder written notice, by registered or certified mail, within one year after knowledge of the defect, advising him of all defects and giving the builder a reasonable opportunity to comply with the provisions of this Chapter."

The Plaintiffs do not contend that they gave the notice required by La.R.S. 9:3145(A). Instead, relying upon four assertions, they argue the NHWA does not govern their claims.

The Plaintiffs first assert that although the items and damages specified in La.R.S. 9:3144 "are excluded from coverage under the NHWA because the NHWA provides the exclusive remedies between builder and owner relative to home construction only . . . *these excluded claims/losses may be pursued against the builder outside the mandates of the NHWA*." (Emphasis added). We find the Plaintiffs' argument misplaced because it fails to acknowledge that the NHWA "provides the exclusive remedies, warranties, and prescriptive periods as between builder and owner relative to home construction and no other provisions of law relative to warranties and redhibitory vices and defects shall apply." La.R.S. 9:3150.

5

Moreover, it is clear that some of the damages the Plaintiffs seek to recover are specifically excluded by the Act. *See* La.R.S. 9:3143.

The supreme court addressed the Plaintiffs' claim in the present case in *Carter v. Duhe*, 05-390 (La. 1/19/06), 921 So.2d 963. There the court stated that, "[w]ithout notice of defects . . . not only is the owner precluded from recovery under the NHWA, he is also precluded from any other theory of recovery because the NHWA provides the exclusive remedy between owners and new home builders." *Id*. at 968.

The Plaintiffs next argue the NHWA in no way applies to loss or damage which does not constitute a defect in the construction of the home by the builder. They then proceed to identify losses attributable to contents and rental expenses. Again, the Plaintiffs fail to acknowledge that the NHWA excluded these losses, as it specifically excludes "damage to personal property"; "[a]ny cost of shelter, transportation, food, moving, storage, or other incidental expense related to relocation during repair"; and "[c]onsequential damages." La.R.S. 9:3141(B)(14), (15), and (17), respectively. Furthermore, the Plaintiffs' argument ignores La.R.S. 9:3144(B)(16) which excludes "[a]ny defect not reported in writing by registered or certified mail to the builder."

The Plaintiffs also contend that the Defendants are not a "builder," as defined by the NHWA, because they were identified as "Vendor," not builder, in the Cash Deed, which transferred title to the Brumwells and that their claims are asserted against the Defendants in their capacity as seller, not builder. Contrary to the Plaintiffs' argument, the NHWA contemplates the possibility that the builder and seller might be the same party. It defines builder as " any person . . . joint venture, or other entity which constructs a home . . . including a home occupied initially by its builder as his residence." La.R.S. 9:3143(1). *See also Royer v. V. P. Pierret Constr.,*

6

*Inc.*, 02-263 (La.App. 3 Cir. 10/28/02), 834 So.2d 1078, *writ denied*, 02-2880 (La. 1/31/03), 836 So.3d 73 (holding that an arrangement whereby one entity built homes and another entity sold the homes constituted a joint venture and that the seller was a builder under the NHWA).

The Plaintiffs cite cases which they contend support their position; however, those cases are distinguishable because the builder and the seller were not the same. *See Hollingsworth v. Choates*, 42,424 (La.App. 2 Cir. 8/22/07), 963 So.2d 1089 (the builder and seller was a limited liability corporation; however, the plaintiff sued the manager of the corporation in his individual capacity); *see also Squyres v. Nationwide Housing Sys., Inc.*, 98-8 (La.App. 3 Cir. 6/3/08), 715 So.2d 538 and *Coussan v. Jim Tatman's Mobile Homes, Inc.*, 99-956 (La.App. 3 Cir. 12/15/99), 755 So.2d 293 (the manufacturers and sellers of the mobile home were separate, unrelated entities).

In their last argument, the Plaintiffs assert that they were not required to give the Defendants notice and an opportunity to repair the damages caused by the defect, as required by La.R.S. 9:3145, because the defect at issue, a staple in an electrical wire, was destroyed in the fire and could not be cured or repaired, as contemplated by the NHWA. This argument ignores the obvious, i.e., defects in home construction often trigger events which destroy the "defects" and necessitate reconstruction of property destroyed as a result of the defect.

After reviewing the Plaintiffs' petition, the NHWA, and applicable jurisprudence, we find the Plaintiffs have failed to establish a right of action. Therefore, we reverse the trial court's denial of the Defendants' peremptory exception of no right of action.

## DISPOSITION

The portion of the trial court's judgment that sustained the Defendants' peremptory exception of no cause of action is reversed. The Defendants' peremptory exception of no right of action is granted, and the trial court's dismissal of the Plaintiffs' claims against the Defendants is affirmed. All costs of in the trial court and this appeal are assessed to the Plaintiffs.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.