715 So.2d 538 (1998)
Mark and Bonita SQUYRES, Plaintiffs-Appellants,
v.
NATIONWIDE HOUSING SYSTEMS, INC., et al., Defendants-Appellees.
No. 98-8.
Court of Appeal of Louisiana, Third Circuit.
June 3, 1998.
William Henry Sanders, Jena, for Mark Squyres et ux.
Bryan K. Gallerson, Baton Rouge, for Nationwide Housing System Inc., et al.
Before YELVERTON, GREMILLION and PICKETT, JJ.
PICKETT, Judge.
Plaintiffs, Mark and Bonita Squyres, appeal a judgment of the trial court granting an exception of no cause of action filed by the defendants, Nationwide Housing Systems, Inc. and Oak Creek Homes, Inc. For the reasons set out below, we reverse and remand.

FACTS
The plaintiffs, Mark and Bonita Squyres, purchased a manufactured home from the defendant, Nationwide Housing Systems, Inc. (Nationwide), on July 29, 1996. Nationwide is a vendor of manufactured homes. The home purchased by the plaintiffs was manufactured by the defendant, Oak Creek Homes, Inc. (Oak Creek). Following the delivery of the manufactured home on August 1, 1996, the plaintiffs observed certain defects. The defects complained of included problems with the walls, flooring, plumbing, electrical, heating, cooling, and ventilation. The plaintiffs made several oral demands to Nationwide to rectify the defects. Thereafter, the plaintiffs made written demands to Nationwide to correct the defects on January 23, 1997, January 28, 1997, and February 11, 1997. Finally, the plaintiffs demanded a return of the purchase price on March 17, 1997.
Following several unsuccessful attempts to rectify the defects, the plaintiffs filed a petition for rescission and damages against Nationwide and Oak Creek on April 1, 1997. The plaintiffs argued that they were entitled to rescission of the sale pursuant to the Louisiana Civil Code Articles on Redhibition, La.Civ.Code art. 2520 et seq. On December 1, 1997, the defendants filed a peremptory exception of no cause of action alleging that the plaintiffs' remedy was not under redhibition, but rather, under the New Home Warranty Act (the New Home Act) as stated in La.R.S. 9:3141 et seq. Subsequently, on December 9, 1997, the plaintiffs amended their petition in an effort to state a cause of action *539 under the New Home Act. A hearing on the defendants' exception of no cause of action was held on December 15, 1997. Following the hearing, the trial court granted the defendants' exception of no cause of action and dismissed the plaintiffs' petition with prejudice. The plaintiffs now appeal.

OPINION
In their appeal, the plaintiffs allege four separate assignments of error, namely:
(1) The trial court committed manifest error by abusing his much discretion and granting an exception of no cause of action.
(2) The trial court committed manifest error by abusing his much discretion and construing plaintiffs' remedy as between the vendor of a trailer house and vendee of a trailer house as being an exclusive remedy under the new home warranty statute, which statute provides an exclusive remedy only as between the builder and the owner.
(3) The trial court committed manifest error by abusing his much discretion by considering arguments relative to a dilatory exception that had not been alleged by the defendants in any pleading prior to an answer having been filed by the defendants, and the defendants had not filed an exception of improper cumulation.
(4) The trial court committed manifest error by abusing his much discretion by failing to order an amendment to plaintiffs' petition if indeed the plaintiffs' petition does not in fact state a cause of action.
Although the plaintiffs assert four separate assignments of error, they will be addressed as one as they are interrelated. This court has previously discussed the purpose of the peremptory exception of no cause of action in Southland Truck Center, Inc. v. Bank of Sunset and Trust Co., 94-1245, p. 3-4 (La. App. 3 Cir. 3/8/95); 651 So.2d 967, 969:
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). Cause of action as used in the context of the peremptory exception means the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant. Everything On Wheels v. Subaru South, 616 So.2d 1234 (La.1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. Art. 931. Accordingly, the trial court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything On Wheels, 616 So.2d at 1238. Furthermore, as recently stated in Montalvo v. Sondes, 93-2813, p. 6 (La. 5/23/94); 637 So.2d 127, Louisiana retains a system of fact pleading. LSA-C.C.P. Art. 854, official revision comment (a). The mere conclusion of the pleader unsupported by facts does not set forth a cause of action. Montalvo, supra, p. 6; 637 So.2d at 131. However, when the grounds of the exception of no cause of action may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment. LSA-C.C.P. Art. 934; Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007 (La.1993).
In the instant case, the defendants maintain that the trial court correctly granted their peremptory exception of no cause of action. They further maintain that the New Home Act is the exclusive remedy under which the plaintiffs may pursue, and the plaintiffs' failure to follow the statutory procedure included in the New Home Act warranted the trial court's decision.
The New Home Act "provides the exclusive remedies, warranties, and prescriptive periods as between builder and owner relative to home construction and no other provision of law relative to warranties and redhibitory vices and defects shall apply." La.R.S. 9:3150. Furthermore, "[b]efore undertaking any repair himself or instituting any action for breach of warranty, the owner shall give the builder written notice, by registered or certified mail, within one year after knowledge *540 of the defect, advising him of all defects and giving the builder a reasonable opportunity to comply with the provisions of" the New Home Act. La.R.S. 9:3145. A "builder" is "any person, corporation, partnership, or other entity which constructs a home, or any addition thereto, including a home occupied initially by its builder as his residence." La. R.S. 9:3143(1).
Thus, the language clearly states that this statutory notice is only mandated between the owner and the builder. Likewise, the New Home Act is only exclusive between the owner and the builder. As such, the provisions of the New Home Act only apply between the plaintiffs and Oak Creek. Although the plaintiffs' original and first and supplemental and amending petitions failed to specifically distinguish between the defendants' status, it is apparent from our review of the record that the plaintiffs alleged sufficient facts to identify Oak Creek as the builder and Nationwide as the vendor.
A careful review of the record indicates that the plaintiffs did indeed give Oak Creek the proper notice of the defects as required under La.R.S. 9:3145. In both their original petition for rescission and damages and their first supplemental and amending petition, the plaintiffs state that amicable demand had been repeatedly made on the defendants. If we accept these "well pleaded allegations of fact as true," we must conclude that the defendants were provided with the proper statutory notice required under the New Home Act. It is clear from the record that rather than only considering the original and supplemental petitions, the trial court was persuaded by the arguments of the defendants. As such, the trial court allowed improper evidence to be introduced. Therefore, we find that the trial court erred in granting Oak Creek's peremptory exception of no cause of action.
In regards to any cause of action against Nationwide, the plaintiffs are not limited to the New Home Act. As we stated earlier, the New Home Act is only exclusive between the owner and the builder. Nationwide's role in this transaction was clearly that of a vendor or seller. As such, the plaintiffs may select any avenue of recovery that is applicable. In addition to the New Home Act, the plaintiffs can seek recovery against Nationwide under the Uniform Standards Code for Mobile Homes and Manufactured Housing (the Manufactured Housing Code) as set forth in La.R.S. 51:911.21 et seq. In regards to warranties and defects La.R.S. 51:911.25 provides:
A. Each new manufactured home manufactured after January 1, 1975, which is sold by a manufactured home dealer licensed by this state shall be covered by warranties of the manufacturer thereof, which warranties shall protect only the first retail purchaser of the manufactured home, for a period of one year from the date of the purchase, in accordance with the terms of the warranty hereinafter specified.
B. Each such manufactured home sold by a dealer licensed by this state shall be covered by written warranties which shall be furnished by the manufacturer and the dealer, which shall obligate them to warrant as a minimum, the following:
(1) Compliance with standards. The manufacturer shall warrant that the manufactured home complied with the Code and the requirements of this Part in effect at the time that the manufactured home was manufactured.
(2) Defects. The manufacturer shall warrant that the manufactured home was manufactured free from any defects in materials or workmanship and was delivered to the dealer in such condition. Neither the manufacturer nor the dealer shall be liable under the warranty for any defect in the manufactured home which is the result of improper setup, moving, defects in work or materials done or furnished by persons other than the manufacturer or dealer, unless such setup, moving, work, or materials were done or furnished by a person under contract with, or connected by agency with such manufacturer or dealer.
C. The warranty required by this Part shall be in addition to and not in derogation of any other warranties, rights, and privileges which the buyer may have under any other law or instrument. The *541 buyer may not waive his rights under this Part and any such waiver is hereby prohibited as contrary to public policy and shall be unenforceable and void.

(Emphasis ours.)
The Manufactured Housing Code further provides that "[i]n any redhibitory action brought against the seller of a manufactured home or mobile home, the standards set forth in the Code shall be considered in establishing whether or not a defect exists." La.R.S. 51:911.23(F). La.R.S. 51:911.22(6) defines a manufactured home as:
[A] structure, transportable in one or more sections, which, in the traveling mode, is eight body feet or more in width or forty body feet or more in length or, when erected on site, is three hundred twenty or more square feet and which is built on a permanent chassis and designed to be used as a dwelling with or without a permanent foundation when connected to the required utilities and includes the plumbing, heating and air conditioning, and electrical systems contained therein.
The home in dispute in this matter is a manufactured home as defined in La.R.S. 51:911.22(6). Thus, based upon the language of the relevant statutes, the plaintiffs may seek redress against Nationwide under the New Home Act, the Manufactured Housing Code, or any applicable theory of recovery. We have already found that the plaintiffs' petitions did indeed allege the statutory notice required under the New Home Act. We also find that the plaintiffs' original and supplemental petitions stated sufficient facts when accepted as true state a cause of action against Nationwide that would entitle the plaintiffs to the relief sought under redhibition. Accordingly, the trial court erred in granting the peremptory exception of no cause of action in favor of Nationwide.

DISPOSITION
For the foregoing reasons, the judgment maintaining the peremptory exception of no cause of action in favor of Nationwide Housing Systems, Inc. and Oak Creek Homes, Inc. is hereby reversed and set aside. This matter is remanded to the trial court for further proceedings in accordance with the views expressed herein. Costs of this appeal are assessed equally to the appellees.
REVERSED AND REMANDED.