CARTER, C.J.
 

 | ¡/This action involves a dispute over the balance due a subcontractor who had provided the stucco construction work on a new home pursuant to an oral contract. The subcontractor appeals a trial court judgment awarding a portion of the balance due. For the following reasons, we affirm the trial court’s judgment.
 

 FACTS
 

 In December 2005, general contractor, David Koulpasis of D.K. Contractors, Inc. (D.K.), offered an estimate to Ivan T. Cabrera to build Cabrera’s new home in Plaquemine, Louisiana. D.K.’s original estimate included $38,000.00 for stucco material and labor. Cabrera hired D.K., and construction of the Cabrera residence began in January 2006. During the building process, D.K. hired subcontractor, Radu Cosman, d/b/a Stucco Design (Cosman), on behalf of Cabrera to supply various materials and labor for stucco construction work on Cabrera’s home. D.K. was famil
 
 *1078
 
 iar with Cosman’s reputation as a stucco subcontractor, because he had previously worked with Cosman. There was no written agreement or estimate as to the total cost of the materials and labor for the stucco work prior to Cosman beginning the job.
 

 After working approximately two months on the stucco construction, Cos-man gave D.K. an invoice for his near-completed work on June 8, 2006. This sole invoice for the stucco work demanded a total of $55,966.00, less a prior $10,000.00 direct payment from Cabrera to Cosman. A dispute arose over the final amount due when D.K. unilaterally decreased Cos-man’s invoice by approximately $8,000.00 after discussing the invoice with Cabrera. It is undisputed that D.K. did not make any payments to Cosman |sfor the stucco work; rather, Cabrera paid a total of $32,000.00 directly to Cosman. Cabrera also attempted to pay an additional final amount of $12,900.00 for the stucco work, but Cosman refused to accept the final payment because it was not the total amount due. Thereafter, Cabrera hired another stucco subcontractor to finish the work.
 

 On September 6, 2006, Cosman filed suit to enforce a materialman’s privilege, alleging that D.K. and Cabrera were liable
 
 in solido
 
 for the $23,966.00 balance due for his stucco work, plus attorney’s fees, court costs, and civil penalties as provided by the Louisiana Private Works Act in LSA-R.S. 9:4814.
 
 [1]
 
 D.K. and Cabrera responded with a reconventional demand, alleging that Cosman did not complete a portion of the stucco work and that the stucco work he had performed was substandard and improperly done. Cabrera alleged that he had sustained damages due to undue hardship, delay, and extraordinary expense in completing and correcting the stucco work on his home. Cabrera hired another subcontractor to complete the stucco work and paid him $4,200.00. Cabrera moved into his new home on October 20, 2006, and thereafter discovered additional cracking and peeling of the stucco that he alleges will require another $14,775.00 to repair.
 

 A bench trial on the merits was held on April 14, 2008. During trial, Cosman filed a peremptory exception raising the objection of no right of action, arguing that Cabrera had no right to reconvene against Cosman because he had no contract, written or oral, with Cosman, and Cabrera’s 14exclusive remedy for defective work was against D.K. pursuant to the New Home Warranty Act.
 
 [2]
 
 Cabrera and D.K. opposed Cosman’s exception; the trial court took the exception under consideration, ordering the trial to proceed. When Cosman rested his case, D.K. and Cabrera moved for a partial judgment of involuntary dismissal of Cosman’s claim for penalties and attorney’s fees, maintaining that Cosman had not presented any evidence that D.K. and Cabrera had knowingly failed to pay Cosman, and that Cabrera was not a party that could be found liable under LSA-R.S. 9:4814. The trial court granted the mo
 
 *1079
 
 tion, finding that Cosman could not recover penalties and attorney’s fees in this case.
 

 At the conclusion of the trial, the trial court took the case under advisement and requested post-trial memoranda from the parties. On July 23, 2008, the trial court issued a ruling with written reasons, denying Cosman’s peremptory exception raising the objection of no right of action and rendering judgment in favor of Cosman, ordering D.K. and Cabrera to pay Cosman $9,191.00. The trial court arrived at this amount by finding a valid outstanding contract price balance due of $23,966.00, less the $14,775.00 owed to Cabrera for the estimated cost to repair the substandard work. However, the trial court denied Cabrera’s claim for reimbursement of the $4,200.00 that he paid to have the stucco work completed, finding that Cabrera and/or D.K. had prevented Cosman from completing the job after the dispute arose over the balance due. Cosman appeals, raising three assignments of error.
 

 ^DISCUSSION
 

 In Cosman’s first assignment of error, he claims that the trial court erred in denying his peremptory exception raising the objection of no right of action as to Cabrera’s right to bring a reconventional demand against Cosman. Cosman argues that he had a contract with D.K., not Cabrera, and that Cabrera’s exclusive remedy for defective work is against the general contractor, D.K., pursuant to the New Home Warranty Act (NHWA) at LSA-R.S. 9:3141,
 
 et seq.
 
 We find no merit to this argument. The NHWA is only exclusive between an “owner” and a “builder,” and status as an “owner” does not conclusively establish that the NHWA is the only remedy available to resolve issues of defects in a new home. LSA-R.S. 9:3150;
 
 Melancon v. Sunshine Const., Inc.,
 
 97-1167 (La.App. 1 Cir. 5/15/98), 712 So.2d 1011, 1015;
 
 Royer v. V.P. Pierret Const. Co., Inc.,
 
 02-263 (La.App. 3 Cir. 10/28/02), 834 So.2d 1078, 1079,
 
 writ denied,
 
 02-2880 (La.1/31/03), 836 So.2d 73.
 

 While it is true that the NHWA provides protection to new homeowners against builders, we do not interpret the NHWA so broadly that a subcontractor would be considered a builder, because subcontractors do not construct the entire structure and deliver it to the owner as a new home.
 
 See
 
 LSA-R.S. 9:3150 and 9:3143(1) & (3).
 
 [3]
 

 See also Allstate Enterprises, Inc. v. Brown,
 
 39,467 (La.App. 2 Cir. 6/29/05), 907 So.2d 904, 911-912 | faction against a subcontractor that was responsible for a portion of the work on a home);
 
 Nolan v. Roofing Supply, Inc.,
 
 36,403 (La.App. 2 Cir. 11/26/02), 833 So.2d 1026, 1032 (action against a seller/supplier of construction materials);
 
 Coussan v. Jim Tatman’s Mobile Homes, Inc.,
 
 99-956 (La. App. 3 Cir. 12/15/99), 755 So.2d 293, 296 (action against seller of a home).
 
 [4]
 
 Fur
 
 *1080
 
 thermore, it is questionable whether the relatively minor aesthetic defects alleged to exist in the finished stucco on Cabrera’s house would constitute a “major structural defect” within the meaning of the NHWA.
 
 See
 
 LSA-R.S. 9:3143(5) and 9:3144(A)(3).
 

 In this case, Cosman was not responsible for building a functional, completed home for Cabrera; the builder of Cabrera’s home was D.K. Cosman was only a subcontractor who orally agreed to perform part of the work on Cabrera’s new home. Although Cabrera could have, he did not initiate a claim under the NHWA against D.K. Instead, Cabrera’s reconven-tional demand was filed only in response to Cosman’s suit for the balance due under the building contract. As such, Cabrera’s claim was based on the damages he allegedly sustained because of Cosman’s incomplete and substandard stucco work for which Cabrera had made direct payments to Cosman. Cabrera’s claim included alleged damages for undue hardship, delay, and expense. It is undisputed that Cos-man agreed to provide materials and labor for the stucco work on Cabrera’s home and that Cabrera directly paid Cosman for his work. Clearly, Cabrera had a legal | interest — or right of action — in the subject matter of this litigation.
 
 See
 
 LSA-C.C.P. art. 927(A)(6);
 
 Long v. Jeb Breithaupt Design Build Inc.,
 
 44,002 (La.App. 2 Cir. 2/25/09), 4 So.3d 930, 941. We conclude that under this factual scenario, the NHWA does not limit an owner’s ability to bring a claim for damages caused by defective work or negligent workmanship against a subcontractor, despite the lack of privity of contract.
 
 See Long,
 
 4 So.3d at 942. Therefore, Cabrera had a right to bring the reconventional demand against Cosman for his damages caused by Cos-man’s alleged defective and incomplete work.
 
 [5]
 
 The trial court correctly denied Cosman’s peremptory exception raising the objection of no right of action.
 

 Next, Cosman argues that the trial court erred in reducing his award for the alleged defective workmanship. Under Louisiana jurisprudence, a building contractor or subcontractor may recover the contract price even though defects and omissions are present after he has substantially performed the building contract. “Substantial performance” means that the construction is fit for the purposes intended despite the deficiencies; this is a question of fact for the trial judge.
 
 Mayeux v. McInnis,
 
 00-1540 (La.App. 1 Cir. 9/28/01), 809 So.2d 310, 313,
 
 writ denied,
 
 01-3286 (La.3/8/02), 810 So.2d 1164.
 
 [6]
 
 However, where the owner presents evidence of the cost of completion of the work or correction of defective work, the contract price |smay be reduced by that amount.
 
 Id.
 
 The factors to be considered in determining whether there has been substantial per-
 
 *1081
 
 formanee include the extent of the defect or non-performance, the degree to which the purpose of the contract is defeated, the ease of correction, and the use or benefit to the owner of the work already performed.
 
 Id.
 

 After hearing testimony and receiving evidence from all of the parties, the trial court determined that Cosman had substantially completed the stucco work that he had contracted to perform at Cabrera’s house. D.K. testified that Cosman gave him the invoice after Cosman finished the stucco job. Cosman testified that approximately two hours of finishing work near the base of the columns was left incomplete when he gave D.K. the invoice, and that D.K. and Cabrera had hired another subcontractor to finish the work instead of allowing him to finish. Cabrera testified that Cosman’s finished stucco was discolored in certain areas on the house, and there were several areas of cracking, bubbling, and peeling in the finished stucco. Cosman testified that the problems were common in stucco work, and he was not allowed to make repairs/corrections even though he offered. Cabrera denied that he refused to allow Cosman to finish the stucco work, but admitted that he had paid another stucco subcontractor $4,200.00 to do the work that Cosman did not finish. Finally, Cabrera admitted that he moved into the house despite his claim that an estimated $14,775.00 of repair work was still necessary to make the stucco aesthetically acceptable.
 

 Our review of the evidence reveals there is conflicting testimony concerning Cosman’s stucco workmanship and the extent of the damage caused by the deficiencies. Where two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous |9or clearly wrong.
 
 Stobart v. State through Dept. of Transp. and Development,
 
 617 So.2d 880, 883 (La.1993). In reviewing the evidence, we find the trial court reasonably concluded that Cosman had substantially completed the stucco work. The evidence also reasonably supports the trial court’s finding that some obvious aesthetic defects existed in that the finished stucco was discolored in some areas and contained some cracking, bubbling, and peeling in other areas. We especially note that Cabrera’s occupancy and use of the residence supports the trial court’s finding that the stucco work served the purpose of the contract, despite the aesthetic deficiencies in the finished stucco.
 

 Further, the evidence in the record supports the trial court’s reasonable conclusion that Cosman was prevented from completely finishing the stucco work and from making the necessary repairs. Evidence was presented that Cabrera’s cost to hire another stucco subcontractor to repair the defects in the stucco was estimated to be $14,775.00. Therefore, we find no manifest error or abuse of discretion in the trial court’s reduction of Cosman’s outstanding contract balance due by the cost of repairing the aesthetic defects in the finished stucco.
 

 In Cosman’s final assignment of error, he argues that the trial court erred when it granted a partial involuntary judgment of dismissal as to Cosman’s claims for penalties and attorney’s fees pursuant to LSA-R.S. 9:4814. A trial court’s decision to grant an involuntary dismissal should not be reversed in the absence of manifest or legal error.
 
 Jackson v. Capitol City Family Health Center,
 
 04-2671 (La.App. 1 Cir. 12/22/05), 928 So.2d 129, 131. After reviewing and strict
 
 *1082
 
 ly construing the statutory language, we agree with the trial court that Cosman is not entitled to penalties and | ^attorney’s fees in this case.
 
 [7]
 
 It was undisputed that Cosman refused to accept D.K. and Cabrera’s offer to make a final payment for the stucco work. There was no evidence that Cabrera was an agent of D.K. or Cosman. Furthermore, there was no showing that D.K. and/or Cabrera knowingly failed to apply the construction loan funds to Cos-man’s invoice or that the construction loan funds were misapplied in any way. Thus, LSA-R.S. 9:4814
 
 [8]
 
 simply does not apply. Therefore, the trial court did not manifestly err in granting the partial involuntary dismissal.
 

 CONCLUSION
 

 We affirm the trial court’s judgment for the above-cited reasons. Costs of this appeal are assessed to plaintifi/appellant, Radu Cosman d/b/a Stucco Design.
 

 AFFIRMED.
 

 [1]
 

 . The Louisiana Private Works Act, found at LSA-R.S. 9:4801,
 
 et seq.,
 
 grants subcontractors the right to make a claim for payment on work performed against a homeowner and contractor, even though there is no privity of contract between the homeowner and subcontractor. Cosman's lien preserving his claim was allegedly filed in the mortgage records on June 29, 2006. The existence and timeliness of the lien is not at issue in this appeal.
 

 [2]
 

 . Cosman also filed a peremptory exception raising the objection of no cause of action as to D.K., asserting that D.K. could not reconvene against Cosman because D.K. had no actual damages. Cabrera and D.K. did not oppose the exception raising the objection of no cause of action, which is not at issue in this appeal.
 

 [3]
 

 . Louisiana Revised Statute 9:3150 provides that the NHWA is "the exclusive remedjy] ... as between builder and owner relative to home construction....’’ (Emphasis added.) Under LSA-R.S. 9:3143(1), a "[b]uilder” is defined as "any person, corporation, partnership, limited liability company, joint venture, or other entity which constructs a home, or addition thereto_” (Emphasis added.) Under LSA-R.S. 9:3143(6), an ’To]wner” is defined as "the initial purchaser of a home and any of his successors in title....” (Emphasis added.) Under LSA-R.S. 9:3143(3), a "[hjome" is defined as "any new structure designed and used only for residential use ... constructed by the builder....” (Emphasis added.)
 

 [4]
 

 . We distinguish
 
 Barnett v. Watkins,
 
 06-2442 (La.App. 1 Cir. 9/19/07), 970 So.2d 1028, 1038,
 
 writ denied,
 
 07-2066 (La. 12/14/07), 970 So.2d 537, where the NHWA was held to be the exclusive remedy for an action by an owner against the builder's liability insurer
 
 *1080
 
 due to the natural "extension” of the owner’s claim against the builder for defective workmanship. In the case
 
 sub judice,
 
 the subcontractor's defective workmanship is not alleged to be connected or extended to the builder in any way.
 

 [5]
 

 . We further note that D.K. unquestionably had a right to bring an action against Cosman for breach of contract. LSA-C.C. art. 2769. Implicit in every building contract is the requirement that the work be performed in a good, workmanlike manner, free from defects in material and workmanship.
 
 Davidge v. H & H Const. Co.,
 
 432 So.2d 393, 395 (La.App. 1 Cir. 1983). However, it was undisputed at trial that D.K. did not sustain any damages.
 

 [6]
 

 . As an appellate court, we cannot set aside the trial court’s factual findings unless we determine there is no reasonable factual basis for the findings and the findings are clearly wrong.
 
 Stobart v. State through Dept. of Transp. and Development,
 
 617 So.2d 880, 882 (La. 1993).
 

 [7]
 

 . It is well settled that statutes creating liens or privileges or providing for penalties and attorney’s fees must be given strict construction.
 
 Craig v. Bantek West, Inc., 04-0229
 
 (La. App. 1 Cir. 9/17/04), 885 So.2d 1241, 1245;
 
 Pennington v. Campanella,
 
 180 So.2d 882, 885 (La.App. 1 Cir. 1965),
 
 writ granted,
 
 248 La. 783, 181 So.2d 782 (1966).
 

 [8]
 

 . Louisiana Revised Statute 9:4814 provides in pertinent part:
 

 A. No contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction ... of a building ... shall knowingly fail to apply the money received as necessary to settle claims to ... laborers due for the construction or under the contract. Any ... laborer whose claims have not been settled may file an action for the amount due, including reasonable attorney fees and court costs, and for civil penalties as provided in this Section. (Emphasis added.)