STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-749

JOHN TAYLOR, ET UX.

VERSUS

LEGER CONSTRUCTION, LLC, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 84,956-G
HONORABLE DURWOOD W. CONQUE, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy and Billy Howard Ezell, Judges.

REVERSED AND REMANDED.

Eddie J. Lambert
Post Office Box 88
Gonzales, LA   70707
(225) 647-9788
COUNSEL FOR DEFENDANT/APPELLEE:
    Post-Tension Slab-General

J. Daniel Rayburn, Jr.
Rachel Welch
Daigle, Crawford & Jamison
Post Office Box 3667
Lafayette, LA   70509-3667
(337) 234-7000
COUNSEL FOR DEFENDANT/APPELLEE:
    Post-Tension Slabs, Inc.

**Michael W. Adley**
**Judice and Adley**
**Post Office Box 51769**
**Lafayette, LA   70505-1769**
**(337) 235-2405**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
       **John Taylor**
       **Christine Taylor**

**Paul J. McMahon, III**
**Post Office Box 3643**
**Lafayette, LA   70502-3643**
**(337) 233-6768**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
       **Christine Taylor**
       **John Taylor**

**Wayne M. Babovich**
**Babovich & Spedale**
**1539 Jackson Avneue, Suite 610**
**New Orleans, LA   70130**
**(504) 310-3886**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Roy Carubba**

**Donald L. Mayeux**
**Post Office Drawer 1460**
**Eunice, LA   70535**
**(337) 457-9610**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Leger Construction, LLC**

**Gretchen Heider Mayard**
**Katherine P. Martin A.P.L.C.**
**Post Office Box 81338**
**Lafayette, LA   70598-1338**
**(337) 291-2440**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Leger Construction, LLC**

**Timothy A. Maragos**
**John E. Ortego & Associates**
**Post Office Box 81428**
**Lafayette, LA   70598-1428**
**(337) 988-7240**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **State Farm Fire & Casualty Company**

**Kyle P. Polozola**
**Liskow & Lewis**
**Post Office Box 52008**
**Lafayette, LA   70505**
**(337) 232-7424**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Randy Rivera**

AMY, Judge.

The plaintiffs filed suit against home construction providers, including the appellee, seeking damages for alleged defects found in the construction of their home. The plaintiffs alleged that the appellee was responsible for the design and construction of the home's foundation. The appellee filed exceptions of no cause of action and no right of action, asserting that the plaintiffs' claims for structural defects existed solely against the "builder" pursuant to the Louisiana New Home Warranty Act. The trial court granted the exception of no cause of action. The plaintiffs appeal. We reverse and remand.

**Factual and Procedural Background**

John and Christine Taylor filed this matter seeking recovery for the allegedly faulty construction of their residence in Crowley, Louisiana. The cited deficiencies included movement in the foundation, cracking of the exterior brick veneer, and cracking of interior drywall. The plaintiffs named a number of defendants,[1] including Post-Tension Slabs, Inc. (Post-Tension). The plaintiffs contended that Post-Tension "furnished the labor, material and design for the construction of the foundation and foundation system of their residence." The plaintiffs asserted that Post-Tension failed to "properly design and/or build the foundation and foundation system for the residence." The plaintiffs sought damages for the repairs necessitated by the allegedly faulty construction, "attorney's fees per the Louisiana New Home Warranty

---

[1] The plaintiffs also named as defendants: 1) Leger Construction, LLC, who the plaintiffs alleged they hired "to furnish the labor and materials to build the residence"; 2) Roy Carubba, an engineer, who they alleged "issued the design to Post-Tension for the foundation and foundation system and also inspected and approved the work performed by Post-Tension pursuant to the same"; and 3) Randy Rivera, an architect they allegedly hired to devise the plans and specifications for the home. *See Taylor v. Leger Constr., LLC*, 09-1263 (La.App. 3 Cir. 4/7/10), 34 So.3d 1033, for further procedural history regarding Mr. Carubba and Leger Construction.

Act," the cost of structural engineering and surveying, loss of resale value due to foundation remediation, and damages for mental anguish and emotional distress.

Thereafter, Post-Tension filed an exception of no right of action / no cause of action, alleging that, since the plaintiffs' petition focuses on deficiencies in the construction of their residence, all of the petition's claims fall within the purview of the New Home Warranty Act (NHWA), La.R.S. 9:3141- 9:3150. As Post-Tension was not alleged to have served as the residence's builder, Post-Tension claimed that the plaintiffs had neither a right of action nor cause of action against it.

Following a hearing, the trial court granted the exception of no cause of action in favor of Post-Tension and, after the plaintiffs failed to amend their petition to include additional claims, dismissed the plaintiffs' claims against Post-Tension. The plaintiffs appeal. For the following reasons, we reverse and remand.

**Discussion**

The plaintiffs acknowledge that the NHWA provides the exclusive remedy between an owner and a builder. However, they frame the question presented in this case as whether the NHWA precludes a party from asserting a claim for structural defects against a non-builder pursuant to other avenues of recovery. Since the plaintiffs argue that their claims arise under La.Civ.Code art. 2315,[2] they contend that they have asserted a cause of action.

The peremptory exception of no cause of action is provided for by La.Code Civ.P. art. 927. When used in this context, a cause of action "is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant." *Ramey v. DeCaire*, 03-1299, p. 7 (La. 3/19/04), 869 So.2d

---

[2] Article 2315(A) provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

2

114, 118 (citing *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234 (La.1993)). Pursuant to La.Code Civ.P. art. 931, the parties may not introduce evidence to support or controvert an exception of no cause of action. Instead, the trial court reviews the petition and accepts well-pleaded allegations of fact as true and determines whether, on the face of the petition, the plaintiff is legally entitled to the relief he or she seeks. *Ramey*, 869 So.2d 114. The moving party must bear the burden of proving that the petition states no cause of action. *Id.* On appeal, the reviewing court considers the exception pursuant to a de novo review and inquires "whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief." *Id.* at 119.

Louisiana Revised Statutes 9:3141 sets forth the purpose of the NHWA as follows:

> The legislature finds a need to promote commerce in Louisiana by providing clear, concise, and mandatory warranties for the purchasers and occupants of new homes in Louisiana and by providing for the use of homeowners' insurance as additional protection for the public against defects in the construction of new homes. This need can be met by providing a warranty for a new home purchaser defining the responsibility of the builder to that purchaser and subsequent purchasers during the warranty periods provided herein. The warranty, which is mandatory in most cases, shall apply whether or not building code regulations are in effect in the location of the structure, thereby promoting uniformity of defined building standards. Additionally, all provisions of this Chapter shall apply to any defect although there is no building standard directly regulating the defective workmanship or materials.

Contested in this case is the breadth of La.R.S. 9:3150, which provides that:

> This Chapter provides the *exclusive remedies, warranties, and peremptive periods as between builder and owner* relative to home construction and no other provisions of law relative to warranties and redhibitory vices and defects shall apply. Nothing herein shall be construed as affecting or limiting any warranty of title to land or improvements.

3

(Emphasis added.) Post-Tension views La.R.S. 9:3150 as indicating that the only available avenue for the plaintiffs' redress is against the builder and through the exclusive remedy of the NHWA. Since the petition does not allege that Post-Tension is the builder, Post-Tension argues that the petition does not otherwise state a cause of action.

However, the plain text of La.R.S. 9:3150 states only that the NHWA provides the exclusive remedies and warranties between a "builder" and an "owner" relative to "home" construction. *See* La.R.S. 1:3; La.R.S. 1:4.[3] The NHWA defines these terms as follows:

> (1) "Builder" means any person, corporation, partnership, limited liability company, joint venture, or other entity which constructs a home, or addition thereto, including a home occupied initially by its builder as his residence. A person, corporation, partnership, limited liability company, joint venture, or other entity which constructs a home, or any addition thereto, is a "builder", whether or not the consumer purchased the underlying real estate with the home.
>
> . . . .
>
> (3) "Home" means any new structure designed and used only for residential use, together with all attached and unattached structures, constructed by the builder whether or not the land was purchased from the builder. Such term includes structures containing multiple family dwellings or residences.
>
> . . . .
>
> (6) "Owner" means the initial purchaser of a home and any of his successors in title, heirs, invitees, or assigns to a home during the time the warranties provided under this Chapter are in effect.

La.R.S. 9:3143.

---

[3] Louisiana Revised Statutes 1:3 instructs, in part, that: "Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language." Further, Louisiana Revised Statutes 1:4 provides that "[w]hen the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit."

There is no allegation that Post-Tension was a builder within the definition of La.R.S. 9:3143(1). Instead, and as reported above, the petition alleged that Post-Tension "furnished the labor, material and design for the construction of the foundation and foundation system of their residence." There is no allegation that it constructed the "home" within the terms of La.R.S. 9:3143(3).

Further, in *Squyres v. Nationwide Housing Systems, Inc.*, 98-8 (La.App. 3 Cir. 6/3/98), 715 So.2d 538, a panel of this court rejected a manufactured home vendor's assertion that a plaintiff's exclusive remedy against it was through the NHWA rather than through redhibition. The panel reversed an exception of no cause of action entered in favor of the vendor, stating that the NHWA "is only exclusive between the owner and the builder." *Id.* at 540.

Similarly, and factually analogous to this matter, the first circuit in *Cosman v. Cabrera*, 09-0265 (La.App. 1 Cir. 10/23/09), 28 So.3d 1075, rejected a subcontractor's assertion that a homeowner's exclusive remedy for defective work was against the general contractor pursuant to the NHWA. The first circuit explained that: "While it is true that the NHWA provides protection to new homeowners against builders, we do not interpret the NHWA so broadly that a subcontractor would be considered a builder, because subcontractors do not construct the entire structure and deliver it to the owner as a new home." *Id.* at 1079. In reaching this conclusion the first circuit cited to La.R.S. 9:3143's definitions of "builder" and "home." *See also Allstate Enter., Inc. v. Brown*, 39,467, p. 9 (La.App. 2 Cir. 6/29/05), 907 So.2d 904, 912 (wherein the second circuit rejected the homeowners' contention that they could recover the attorney fees available under the NHWA from a contractor who they engaged to perform only a portion of the construction of their

5

home and therefore did not serve as a builder of the "home" as defined in La.R.S. 9:3143(3). The court explained that it "[did] not find that the NHWA was intended to have a scope applicable to a contractor that did not construct the entire structure and deliver it to the [homeowners] as their new home.").

For these reasons, we conclude that Post-Tension failed to sustain its burden of demonstrating that the petition set forth no cause of action against it due to the exclusivity of the NHWA. Accordingly, the trial court erred in granting the exception of no cause of action and dismissing the petition's allegations in tort against Post-Tension.[4]

## DECREE

For the foregoing reasons, the judgment granting the exception of no cause of action in favor of Post-Tension Slabs, Inc. and dismissing the plaintiffs' claims against it is reversed and set aside. This matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of this proceeding are assigned to the appellee, Post-Tension Slabs, Inc.

**REVERSED AND REMANDED.**

---

[4] Post-Tension contends that any causes of action arising in tort have prescribed. Yet, Post-Tension's argument relies on dates and evidence outside of the petition. As explained in La.Code Civ.P. art. 931, no evidence can be submitted in consideration of an exception of no cause of action. Accordingly, we do not consider this argument.