CRAIN, J.,
dissenting.
Ill interpret the New Home Warranty Act to not apply to claims against a contractor who abandons the job. The Act is only exclusive between an “owner” and a “builder,” and status as an “owner”, does not conclusively establish that the Act is the only remedy available to resolve issues of defects in a new home. Cosman v. Cabrera, 2009-0265 (La.App. 1 Cir. 10/23/09), 28 So.3d 1075, 1079. “Builder” is defined in relevant part as “any person ... or other entity which constructs a home.” La. R.S. 9:3143(1). Similarly, a “home” is “any new structure designed and used only for residential use ... constructed by the builder.” La. R.S. 9:3143(3). The defendant in this ease did not construct a home for the plaintiffs; he began construction of a home, then walked away from the job before completing it. I do not believe the Act is intended to apply to a contractor who does not construct the entire structure and deliver it to the owners as their new home. See Allstate Enterprises, Inc. v. Brown, 39,467 (La.App. 2 Cir. 6/29/05), 907 So.2d 904, 912. This is particularly true where, as here, the contractor, by his own volition and through no fault of the owners, abandoned the job well before completion, leaving the owners with an unfinished home, a construction loan that was accruing interest, and the task of finding another contractor to finish the construction. Under these circumstances, the contractor should not receive the protections afforded by the Act.
|/The inapplicability of the Act is further demonstrated by the notice provision that the majority imposes upon the plaintiffs in this case. That provision, which requires the owner to give the contractor written notice of the construction defects to allow for a repair opportunity, is wholly incompatible with a contractor who leaves the job before completion and expresses his unequivocal intent never to return. Notice and an opportunity to repair are pointless given that declaration. This observation was not lost on Mr. Hamilton, who, when explaining why he did not contact the defendant when the defects were discovered, stated, “He said he was walking away and he didn’t want any more to do with it.”
Likewise, procuring insurance for the warranties at the conclusion of the construction, one of the stated purposes of the Act, becomes problematic if not impossible if the home is partially constructed by a contractor who abandons the job and is no longer involved in the project at the time of the closing. See La. R.S. 9:3141 and 9:3147.
For all of these reasons, I interpret the Act to not apply to the claims against the defendant in this case. Outside of the Act, claims against a contractor alleging defects in construction are subject to a peremptive period of five years and a liberative prescription often years. See La. R.S. 9:2772; La. Civ.Code art. 3500. Because the plaintiffs’ claims were timely filed pursuant to these provisions, I would conduct a de novo review of the record and render judgment on the merits of the claims.