**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**19-295**

**JOSEPH PALERMO, ET AL.**

**VERSUS**

**HOMES AND MORE, INC.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2018-0453
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JUDGE**
**VAN H. KYZAR**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John E. Conery, and Van H. Kyzar, Judges.

**WRIT GRANTED**

**Douglas Robert Holmes**
**Charles D. Marshall, III**
**Chaffe McCall**
**1100 Poydras Street, #2300**
**New Orleans, LA 70163**
**(504) 585-7000**
**COUNSEL FOR DEFENDANT/APPLICANT:**
    **Homes and More, Inc.**

**Steven Paul Lemoine**
**Robert H. Schmolke, PLC**
**9191 Siegen Lane, Building 4-B**
**Baton Rouge, LA 70810**
**(225) 292-1717**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Joseph Palermo**
    **Jacqueline Mae Manuel Palermo**

**Ronald Cole Richard**
**1 Lakeshore Drive, Suite 120**
**Lake Charles, LA 70629**
**(337) 494-1900**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Joseph Palermo**
    **Jacqueline Mae Manuel Palermo**

**Kyzar, Judge.**

Defendant-Relator, Homes and More, Inc. ("H&M"), seeks supervisory writs from the judgment of the trial court which denied its motion for partial summary judgment seeking dismissal of all claims against H&M that are excluded under the Louisiana New Home Warranty Act (NHWA), La. R.S. 9:3141, *et seq.*, including plaintiffs' claims alleging damages due to the presence of "mold" and "consequential damages." For the reasons herein, we grant the writ, make it peremptory, reverse the ruling of the trial court, and enter a partial summary judgment in favor of H&M dismissing Plaintiffs' claims relating to mold, mold damage, and consequential damages with prejudice.

## FACTS AND PROCEDURAL HISTORY

On February 1, 2018, Plaintiffs filed suit against H&M, asserting that on or about October 15, 2015, the parties entered a contract under which H&M agreed to construct a residential home in Sulphur, Louisiana. Notably, Plaintiffs state in their petition that Defendant was the *contractor* of the construction of the subject property. The petition goes on to allege that H&M improperly constructed the roof, causing mold and other issues with the property. Regarding the alleged mold in the home, Plaintiffs sought damages for the cost of any mold removal and the cost of any expert required to determine the full extent of the damages to the subject property. Plaintiffs additionally sought consequential damages for, among other things, the "devaluation of a very expensive home" and the "fair market rental value of the home" for the time that Plaintiffs were unable to use the subject property.

On May 29, 2018, H&M filed its answer to the petition, admitting that it agreed to act as a *job coordinator* for the construction of Plaintiffs' home.

Thereafter, on December 4, 2018, H&M filed a third-party demand naming Scott Cormier, d/b/a MSP Construction & Roofing, and Chris Cormier, d/b/a Cormier's Roofing & Construction, as third-party defendants. The third-party demand asserted that H&M hired Scott Cormier and Chris Cormier as subcontractors who supplied labor and/or materials for Plaintiffs' home. Therein, H&M specifically pleaded the NHWA, under which it, as the "builder," may be found liable to Plaintiffs, as "owners," for the defective workmanship or materials of Scott Cormier and/or Chris Cormier under the Act's mandatory warranty.

On December 10, 2018, H&M filed a motion for partial summary judgment seeking a dismissal of all claims asserted by Plaintiffs that are excluded under the NHWA, namely claims for consequential damages and damages due to the presence of mold. Louisiana Revised Statutes 9:3144(B) states: "Unless the parties otherwise agree in writing, the builder's warranty shall **exclude the following items: . . . . (17) [c]onsequential damages . . . [and] (19) [m]old and mold damage**." Thereafter, on February 28, 2019, Plaintiffs filed an opposition memorandum to H&M's motion, asserting that a genuine issue of material fact exists as to whether H&M meets the definition of a "builder" under the NHWA, La.R.S. 9:3143, especially given its own self-characterization as a "job coordinator." In response, H&M's reply memorandum sought to demonstrate that, regardless of the characterizations used by the parties, H&M served the role and functions of a general contractor and is, thus, subject to the NHWA.

On March 21, 2019, the motion for partial summary judgment was heard before the trial court.[1] Therein, H&M argued that as a general contractor, it is

---

[1] At the hearing on the motion, H&M offered, filed, and introduced two exhibits into the record: Exhibit 1, Plaintiffs' petition and Exhibit 2, the sworn affidavit of Marcus Benny, Sr., a part owner of H&M. Plaintiffs offered no evidence in opposition to the motion.

2

considered a "builder" under the NHWA and thus Plaintiffs must pursue their claims under the Act, subject to its exclusions. *See* La.R.S. 9:3143 and 9:3144. H&M also clarified that a granting of its motion would not dismiss the case, but rather advances the case and merely sets forth the issues in a new home construction case against a builder. In response, Plaintiffs asserted it would be a mistake to conclude that all general contractors are "builders," because of the fact that H&M characterized itself as a "job coordinator."

The trial court orally denied H&M's motion at the hearing, finding that it was "not convinced" just yet, especially in light of Plaintiffs' argument that discovery would help answer remaining questions. The judgment was signed on April 2, 2019. In this writ application, H&M presents one question for this court's consideration: whether a general contractor qualifies as a "builder" under the NHWA, such that it was entitled to a grant of partial summary judgment dismissing only those claims relating to mold, mold damages, and consequential damages.

## DISCUSSION

Louisiana Code of Civil Procedure Article 966, which governs the summary judgment procedure, provides that a party may move for a summary judgment for all, or part, of the relief for which he has prayed. La.Code Civ.P. art. 966(A). Under La.Code Civ.P. arts. 966(E) and 1915, a partial summary judgment may be rendered which disposes of a particular issue, theory of recovery, cause of action, or defense in favor or one or more parties, even though the granting of summary judgment does not dispose of the entire case.

The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of an action. La.Code Civ.P. art. 966. When the mover will not bear the ultimate burden of proof at trial, he must only point out the absence of factual support for one or more essential elements of

3

the adverse party's claim. La.Code Civ.P. art. 966(D)(1). Thereafter, it becomes the adverse party's burden to produce sufficient factual support demonstrating the existence of a genuine issue of material fact or that the mover is not entitled to summary judgment as a matter of law. *Id.* The adverse party must respond with competent summary judgment evidence setting forth specific facts showing that a material fact is genuinely in dispute; he may neither rest on the allegations of his pleading, nor the mere possibility that a factual issue could be raised. La.Code Civ.P. art. 967. If he does not so respond, summary judgment, if appropriate, shall be rendered against him and in favor of the mover. *Id.*

Appellate courts review the grant or denial of a motion for summary judgment de novo, "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.*, whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." *Samaha v. Rau*, 07-1726, p. 4 (La. 2/26/08), 977 So.2d 880, 882-83. Where the threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact exists, such a determination must be viewed in light of the relevant substantive law. *Romero v. Allstate Ins. Co.*, 08-256 (La.App. 3 Cir. 5/13/09), 11 So.3d 579, *writ denied*, 09-1325 (La. 10/9/09). "Here, however, the determination of the motion depends more upon the legal character of the claims pleaded rather than upon any dispute as to material fact." *Barnett v. Watkins*, 06-2442, p. 9 (La.App. 1 Cir. 9/19/07), 970 So.2d 1028, 1034, *writ denied*, 07-2066 (La. 12/14/07), 970 So.2d 537.

Plaintiffs contend that disputed facts exist regarding the status of H&M solely by virtue of the differences in characterization of H&M in the pleadings, without having submitted any evidence at the hearing nor having contested any of the facts set forth in H&M's affidavit. The issue presented in the instant case, therefore, turns

4

on the legal question of whether a general contractor qualifies as a "builder" under the NHWA, such that the Act governs claims of owners against their general contractors. Because this is a legal issue raised on summary judgment, we review the matter de novo.

*General Contractor*

Before addressing this legal issue, we turn to the undisputed facts of this case in order to determine whether H&M is, in fact, a general contractor.

Plaintiffs' petition alleged that Plaintiffs and Defendant entered into a contract wherein Defendant agreed to *construct* a residential home in Sulphur, Louisiana, and that Defendant was the *contractor* of the construction of the property. The petition also alleged, *inter alia*, that H&M was negligent for failing to properly supervise the employees and sub-contractors working on the property. In response to this allegation, H&M's answer stated that it agreed to act as a *job coordinator* for the construction of a home for Plaintiffs. Moreover, the affidavit submitted in support of the motion for partial summary judgment stated that H&M contracted for the construction of a home, though the actual construction work was to be performed by subcontractors and *coordinated* by H&M.

A "General Contractor" is someone who "contracts for the completion of an entire project, including purchasing all materials, hiring and paying subcontractors, and *coordinating* all the work." BLACK'S LAW DICTIONARY (11th ed. 2019).[2] Here, Plaintiffs' petition clearly identifies H&M as the general contractor hired to construct their home. The affidavit submitted by H&M explicitly states that H&M

---

[2] H&M cites an older version of this definition as it appeared in the fourth circuit's decision in *Regions Bank v. Breland*, 10-1793, pp. 3-4 (La.App. 4 Cir. 5/18/11) (unreported opinion, 2011 WL 9165416), which similarly provides: "A General Contractor is 'one who contracts for the construction of an entire building or project, rather than for a portion of the work. The general contractor hires subcontractors, coordinates all work and is responsible for payment to subcontractors.' *Black's Law Dictionary*."

5

acted as a "job coordinator." Given BLACK's definition, H&M's admission simply reiterates that H&M performed the primary function of a general contractor in coordinating the construction of the home. Additionally, Plaintiffs' claims of negligent supervision over subcontractors clearly implicates a general contractor's role in a construction job. From the undisputed facts alleged in the petition and attested to in the affidavit, there appears to be no legitimate question regarding the scope of H&M's responsibilities in this situation. We find no merit in Plaintiffs' assertion that the differences in H&M's title of contractor or job coordinator, as supplied by the parties, gives rise to a genuine issue of material fact. The distinction as to H&M's title role as referred to by the parties is one of semantics only and does not change the role actually performed by H&M. It is readily apparent that H&M served as the general contractor to construct Plaintiffs' home, and Plaintiffs' failed to submit any evidence contradicting this fact.

### *New Home Warranty Act*

Having determined that H&M meets the definition of a general contractor, we now turn to the question of whether a general contractor is a builder as contemplated by the NHWA.

The stated policy objective of the NHWA is as follows:

> The legislature finds a need to promote commerce in Louisiana by providing clear, concise, and mandatory warranties for the purchasers and occupants of new homes in Louisiana and by providing for the use of homeowners' insurance as additional protection for the public against defects in the construction of new homes. This need can be met by providing a warranty for a new home purchaser defining the responsibility of the builder to that purchaser and subsequent purchasers during the warranty periods provided herein.

La.R.S. 9:3141. As such, the NHWA goes on to explicitly state that "[t]his Chapter provides the exclusive remedies, warranties, and peremptive periods as between *builder* and owner relative to home construction and no other provisions of law

6

relative to warranties and redhibitory vices and defects shall apply." La.R.S. 9:3150 (emphasis added). Here, the parties do not dispute that Plaintiffs are the owners or that the claims asserted are relative to home construction. The only question that arises is whether a general contractor is a "builder."

In setting out to define the actors subject to the exclusivity of its provisions, the NHWA defines a "builder" as "any person, corporation, partnership, limited liability company, joint venture, or other entity which constructs a home, or addition thereto[.]" La.R.S. 9:3143(1). While Plaintiffs correctly point out that the NHWA's definition of "builder" makes no explicit mention of contractors or job coordinators, a cursory review of the jurisprudence makes it abundantly clear that virtually every circuit has held the NHWA applicable to claims of new homeowners against their general contractors.[3] Nonetheless, no court has ever set out to explicate why a general contractor is a "builder" under the Act. Thus, while it is readily apparent

---

[3] In *Barnett*, 970 So.2d at 1031, "plaintiffs entered into a written contract with Ashland Homes, Inc. (Ashland), as general contractor, for the construction of their residence." The first circuit affirmed the trial court's ruling dismissing all claims by the plaintiff against the general contractor's insurer that were excluded under the NHWA.

In *Nolan v. Roofing Supply*, 36,403, p. 1 (La.App. 2 Cir. 11/26/02), 833 So.2d 1026, 1027 the plaintiff sued "Frank Stone & Son, Inc., the builder" for defective installation of a roof. "In 1994 [plaintiff] hired Stone as general contractor." *Id.* The second circuit simply held: "As the exclusive remedy, warranty, and prescriptive period between the builder, Stone and the homeowner, Nolan, the [NHWA] applies in this dispute." *Id.* at 1032.

In *Regions Bank v. Breland*, 10-1793 (La.App. 4 Cir. 5/18/11) (unreported opinion, 2011 WL 9165416), the fourth circuit addressed the issue of general contractors, albeit in the context of the Private Works Act. Nevertheless, it concluded that one was a general contractor based on the following:

> According to the record, and by Mr. Butler's own admission, Mr. Butler constructed the (entire) house . . . as per a contract between himself and Ms. Breland. Mr. Butler impliedly served as a general contractor. The record supports that Mr. Butler was not subcontracted nor did he construct only a portion of the house.

*Breland*, at p. 4.

Finally, in *Campo v. Sternberger*, 15-52, pp. 3-4 (La.App. 5 Cir. 11/19/15), 179 So.3d 908, 910-11, the fifth circuit affirmed the trial court's judgment awarding the plaintiffs damages against "[d]efendant-builder, Randy Sternberger" under the NHWA where plaintiffs "retained Sternberger to construct the home."

7

from the jurisprudence that an owner's remedy against his/her general contractor falls exclusively under the NHWA, the question posed here nevertheless presents this court with a *res nova* issue: whether a general contractor qualifies as a "builder" under the NHWA.

In an attempt to raise doubt regarding the classification of a general contractor as a builder, Plaintiffs rely on two cases to conclude that the defining feature of a builder is that it must "construct the entire home."[4] While not wholly incorrect, Plaintiffs cite caselaw that is simply incongruous with the facts of this case. First, Plaintiffs argue that this court's decision in *Taylor v. Leger Const., LLC*, 10-749 (La.App. 3 Cir. 12/8/10), 52 So.3d 1098, is factually similar to this case. According to Plaintiffs' interpretation of *Taylor*, this court reversed the trial court's grant of an exception of no cause of action because the plaintiffs' petition contained no express allegation that the defendant was a builder. Because the petition merely alleged that the defendant furnished the labor, material, and design for the construction of the foundation and the foundation system of their residence, this court held that the defendant failed to establish that it was a "builder" of a home under La.R.S. 9:3143, and, thus, the NHWA did not apply to dismiss the plaintiffs' allegations. *Id.* However, we note that the plaintiffs in *Taylor* initially instituted suit under the NHWA against *subcontractors*, not general contractors. In fact, we held: "While it is true that the NHWA provides protection to new homeowners against builders, we do not interpret the NHWA so broadly that a *subcontractor* would be considered a builder, because subcontractors do not construct the entire structure and deliver it to the owner as a new home." *Id.* at 1102 (quoting *Cosman v. Cabrera*, 09-265 (La.App. 1 Cir. 10/23/09), 28 So.3d 1075). Thus, we find *Taylor* inapplicable here.

_____

[4] Plaintiffs cited no authority to the district court in support of the argument that a general contractor is not a builder under the NHWA when subcontractors perform the actual construction work at issue.

8

Plaintiffs further rely on the first circuit's decision in *Cosman*, 28 So.3d 1075, which dealt with similar facts to that of *Taylor*, to again argue that in order to qualify as a builder, the putative party must construct the *entire house*. Plaintiffs reasoning, however, is flawed for several reasons. First, a clear reading of the statute reveals that a "builder" is one that "constructs a home, *or addition thereto*[.]" La.R.S. 9:3143(1) (emphasis added). Therefore, a builder need not construct the entire home to qualify as a builder, where the construction of a mere addition to a home suffices. Plaintiffs' argument also suffers because it clearly ignores an essential portion of the holdings in *Cosman* and *Taylor*, which is that, a subcontractor cannot be a "builder" because it does not construct the entire structure "*and deliver it to the owner as a new home.*" To ignore the conjunctive "and" here divests these holdings of any significance where one must undertake *both* the construction *and* the delivery in order to be considered a "builder."

In addition to their failure to adduce any factual support demonstrating that H&M built less than the entire structure, the allegations in Plaintiffs' petition contemplate that H&M had obligated itself to deliver the construction to them *as a new home*. We find that the fatal defect here lies not in the existence of a genuine issue of material fact, as Plaintiffs contend, but rather in their own interpretations. Even if this court were to accept Plaintiffs' singular line of reasoning, *arguendo*, we remember that BLACK's defines a general contractor as "someone who contracts for the completion of an *entire* project." BLACK'S LAW DICTIONARY (11th ed. 2019). Applying this definition to the NHWA, this would include anyone contracting to provide an entire, completed new home or a completed new addition to an existing home.

Regarding the foregoing jurisprudence, we find the true import of these cases seems to entreat the question: but for the putative builder's involvement in the

9

construction, would a new, completed home have been delivered to the owner? While perhaps a general contractor does not itself construct the home in a literal sense, it orchestrates the planning and construction of the home by directing subcontractors to build portions of the home and eventually delivers the completed home to the prospective owners. Simply put, without a general contractor, there would be no laborers hired to perform the construction, nor any materials supplied with which to construct the home. The general contractor is responsible for making sure the structure is built and delivering the final, finished property to the owners as a new home. Accordingly, a general contractor may be a "builder" as contemplated by the NHWA, La.R.S. 9:3143, depending on the facts of the particular case.

Here, the pleadings demonstrate that Plaintiffs hired H&M as the contractor to construct the entirety of their home, and in order to do so, H&M hired subcontractors to supply labor and materials. In turn, Plaintiffs expected and received a new, completed home that now allegedly bears defects as a result of H&M's construction. Therefore, under the facts of this case, we find H&M, acting as a general contractor, meets the requirements to be a "builder" as contemplated by the NHWA for purposes of excluding Plaintiffs' claims for mold, mold damages, and consequential damages. *See* La.R.S. 9:3144.

**WRIT GRANTED:** We find that the trial court erred in denying H&M's motion for partial summary judgment. H&M clearly acted as the general contractor of the construction at issue, and as such, H&M qualifies as a "builder" under the Louisiana New Home Warranty Act, La. R.S. 9:3141, *et seq. See Barnett*, 970 So.2d 1028. Thus, Plaintiffs' remedies against it are defined exclusively pursuant to the Act. Moreover, Plaintiffs' failure to submit any evidence in opposition of the motion suggests not only that they did not meet their burden of proof, but also mandates the

10

granting of the motion, dismissing those of Plaintiffs' claims that are specifically excluded under the Act.

We grant the writ, make it peremptory, reverse the ruling of the trial court, enter a partial summary judgment in favor of H&M dismissing Plaintiffs' claims relating to mold, mold damage, and consequential damages with prejudice, and remand this matter to the trial court for proceedings in accordance therewith.